CASE 31—INDICTMENT—MAY 29, 1883.

# Flint v. The Commonwealth.

APPEAL FROM DAVIESS CIRCUIT COURT.

1. An indictment charging that "the defendant did unlawfully, feloniously, and maliciously, with intent to kill him, cut and wound one Philip Yeiser," is sufficient under section 2, article 6, chapter 29, General Statutes.

2. It is never proper to permit counsel, against objection, to state orally in the presence of the jury what rejected evidence would be. The jury could not properly hear it nor be governed by it.

3. The court correctly gave and refused the instructions, except that the appellant was entitled to an instruction to the effect that the intent by him to kill must have existed at the time the cutting and wounding was done.

J. A. DEAN FOR APPELLANT.

1. An indictment under section 2, article 6, chapter 29, General Statutes, must contain the word "willfully." (Commonwealth v. Morgan, 11 Bush, 601; Same v. Hawkins, 11 Bush, 603; Bishop on Criminal Law, 4th ed., 2d vol., secs. 717, 741, 742, 761; 33 Ala., 413.)

2. The court permitted incompetent evidence.

3. The court misinstructed the jury. (Nichols v. Commonwealth, 11 Bush, 585–'6; Commonwealth v. Jones, 10 Bush, 728; Criminal Code, secs. 120 and 215; Commonwealth v. Yancey, 2 Duv., 375; Rapp v. Commonwealth, 14 B. M., 620; Wilson v. Commonwealth, 3 Bush, 105.)

Flint v. The Commonwealth.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.
1. The indictment was sufficient. Willful, under the statute, can mean no more than intentional or intent to kill. (3 Met., 18; 7 B. M., 247; Wilson v. Commonwealth, 3 Bush, 107.)
2. The instructions given embrace the law of the case.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

The charge in the indictment in this case, that "the defendant did unlawfully, feloniously, and maliciously, with intent to kill him, cut and wound one Philip Yeiser," is sufficient under section 2, article 6, chapter 29, General Statutes; for the words used import an exercise of the will, and convey the same idea as do those contained in the section referred to.

2. It is assigned as an error that the court permitted the attorney for the commonwealth to state, in the presence of the jury, what he expected to prove by the witness Spicer, the evidence offered having been decided incompetent.

Witnesses had been introduced, and testified in behalf of and as to the character of the defendant, when the witness Spicer was called by the commonwealth in rebuttal; and the first question put to him was, whether or not he, the witness, and defendant had ever had a difficulty, which the court permitted answered, notwithstanding the objection of the defendant. The witness was then asked what occurred at that difficulty, the objection to which was sustained; but the court permitted the commonwealth's attorney, although the defendant objected, to state, in the presence of the jury, that he expected the witness to state that "on an occasion the defendant attacked witness on the street, and knocked him off the sidewalk with a wagon spoke."

If a party desires to reserve the question, a statement of what the witness would testify, if permitted, may be reduced to writing; but it is never proper to permit counsel, against

the objection of the opposite party, to state orally, in the presence and hearing of the jury trying the case, what the rejected evidence would be, if permitted by the court to be introduced, for with it the jury have nothing to do, and should not be influenced by it.

In this case the court erred, in the first instance, in permitting the witness to state he had ever had a difficulty with the defendant; for there was no connection whatever between that difficulty and the one in which the cutting and wounding was done, for which the defendant was then being tried; and evidence of what occurred at the time of the difficulty with the witness Spicer, which the commonwealth's attorney, with the permission of the court, improperly and irregularly put before the jury, was obviously not competent for any purpose; but the jury did not know it was illegal evidence, and doubtless believing the statement was made by the officer of the state in good faith, and for a legitimate purpose, may have accepted it as proof of a fact bearing materially upon the character of the defendant, whereby he was prejudiced and deprived of a fair trial.

3. We perceive no error to the prejudice of the substantial rights of the defendant in the instructions given, nor in the refusal of the court to give those asked by him, except that he was entitled to an instruction to the effect that the intent by him to kill must have existed at the time the cutting and wounding was done, in order to make him guilty of the offense charged.

For the errors indicated, the judgment is reversed, and cause remanded for a new trial and further proceedings consistent with this opinion.