HALL v. WOLFF ET AL.

1. **Instruction**: DEGREE OF PROOF IN CIVIL CASE. A preponderance of
   the evidence is all that is required to establish a fact in issue in a civil
   case. It was, therefore, error for the court to instruct the jury in such a
   case that a material fact should be "clearly and fairly proved." See
   *West v. Druff*, 55 Iowa, 335.

2. **Practice**: ARGUMENT TO JURY: LIMITED TO RECORD. Where counsel,
   in addressing the jury in the absence of the judge, states as facts and
   comments upon matters not in evidence, and calculated to work preju-
   dice to the adverse party, such misconduct, though not objected to at the
   time, is good ground for granting a new trial on motion therefor; and
   in this case such motion was erroneously overruled.

*Appeal from Page Circuit Court.*

TUESDAY, OCTOBER 2.

THIS action was commenced by the plaintiff against the de-
fendant, Wolff, upon a promissory note, and a writ of attach-
ment was issued upon the ground that the debt was incurred
for property obtained by false pretenses, the defendant having
absconded. The writ of attachment was levied upon eleven
spring calves.

The Shenandoah National Bank intervened in the action,
and claimed that it was the absolute owner of the attached
property at the time it was attached, and that it was at that
time in the actual possession of the bank. Plaintiff answered
the petition of intervention by denying that the bank was the
owner of the property, and alleging that all claim of the
bank to the property was derived from the defendant, Wolff,
and Wolff never assented to part with any title or interest in
said property to the bank, and that all form of assent by
Wolff was obtained by duress. He further averred that the
claim of intervenor to the property was founded upon an il-
legal consideration, in that the same was procured by inter-
venor through a contract tainted with an agreement to stifle
and hinder criminal prosecutions against H. S. Wolff for the

crime of forgery. There was a trial by jury, which resulted in a verdict and judgment for the intervenor, and the plaintiff appeals.

*W. W. Morsman, Hepburn & Thummel* and *James McCabe*, for appellant.

*C. S. Keenan* and *T. E. Clark*, for appellee.

ROTHROCK, J.—I. Some two or three witnessess testified upon the trial that they were present when the agent of the bank purchased the calves from Wolff, and that the property was actually delivered to the agent of the bank in pursuance of the sale, and it appears that, at the time the bank purchased the property, Wolff was largely in debt to the bank, and that the property in controversy was taken upon the debt. There is no evidence in contradiction of the testimony of the witnesses that a sale was actually made, and that the property was delivered. And there was no evidence that the property was obtained by the bank by duress.

We have made the foregoing statement of facts, for the reason that a number of errors are assigned upon the rulings of the court upon the admissibility of evidence. Without setting out these assignments of error in full, we deem it sufficient to say that none of them are well taken, in view of the fact that the one and only issue really presented to the jury was, whether the contract between the bank and Wolff was illegal and corrupt, as being upon an agreement to stifle and hinder criminal prosecutions against Wolff; and we may further say that the foregoing statement is a complete answer to the complaint of counsel for appellant, that the instructions were indefinite, and failed to present the whole of the issues between the parties. The instructions given by the court to the jury presented in a clear and concise manner the very question which the jury under the evidence were called to pass upon. Instructions upon issues or upon a state of facts upon which there is no evidence are erroneous, as has several times been held by this court.

II. The court gave to the jury the following instruction:

"9. The fact that the contract of sale was coupled with an agreement to stifle or hinder the prosecution of Wolff for

1. INSTRUC-
TION: degree
of proof in
civil case.

forgery, should be clearly and fairly proven, but it need not be necessarily established by direct proof. If such fact is established by the proof of such facts and circumstances which, if taken together, would estsblish the fact, it would be sufficient."

It is insisted that this instruction is erroneous, because it requires a greater degree or amount of evidence than a pre-ponderance, which is sufficient in all civil cases. We think the claim of counsel is correct. "Clearly and fairly proven" imports more than a mere preponderance of evidence. In the case of *West v. Druff*, 55 Iowa, 335, an instruction was held to be erroneous which required "clear and satisfactory evidence" to satisfy the jury of an issuable fact. That instruction cannot be distinguished from the one now under consideration.

III. One ground of the motion for a new trial was based upon the alleged misconduct of one of the counsel of the intervenor

2. PRACTICE:
argument to
jury: limited
to record.

pending the trial of the cause. The alleged misconduct was supported by an affidavit, of which the following is a copy: " I, J. Q. Gaston, sworn, say, that I was a member of the jury that tried the case of *A. Hall v. H. S. Wolff* on intervention of Shenandoah National Bank, of Shenandoah, Iowa; that the concluding argument in said case for said intervenor was made by C. S. Keenan; that said argument was made in the absence of the court, who was in another room conducting another trial, as I understand; that said Keenan in his said argument, in substance, said that Hall was not the party really interested in said case; that the real *animus* of the case was the desire of T. H. Read, president of the First National Bank, of Shenandoah, Iowa, to cripple and injure the intervenor; that Mr. Bogart, to the great relief of the citizens of Shenandoah, had started a second bank there, and that Read was managing this case in the hope

of destroying or injuring said bank; that Hall 'was only a cat's paw to lend the cloak of respectability to the case,' and that he had not retained the counsel who appeared for him, but that was furnished by Read's and other banks; that this was a test case upon which depended all the other cases pending against Wolff, in which creditor's were seeking to subject property held by this intervenor under the sale in controversy."

The truth of this affidavit was in no manner called in question upon the hearing of the motion for a new trial. In our opinion a new trial should have been promptly granted upon this ground. The statements made by counsel to the jury were not warranted from anything in the evidence. There was no evidence that Read was managing the case, and no evidence that he retained and furnished counsel for the plaintiff, and that Hall was not really interested in the case. On the contrary, the evidence showed without question that Read had not secured counsel for Hall, nor agreed to pay any of the expenses in the case. Read was a witness for the plaintiff, and the remarks made by counsel were well calculated to prejudice the plaintiff and his case in the estimation of the jury.

It is said in argument that the court overruled this ground of the motion for a new trial, because appellant's counsel made no objection to these remarks to the jury at the time they were made. It may be that, if the trial judge had been actually present at the time, he could have corrected the irregularity, by promptly informing the jury that the line of argument in question was outside the record, and should not be considered by them. But the judge was not present. He was absent, and we have no doubt properly so, conducting a trial in another room. In this state a *nisi prius* judge is not permitted to limit counsel in their arguments to jurors, and it often occurs that, in order to dispose of the business of the court, and keep court expenses within some limit, by consent of the parties and counsel, the judge transacts other business during

part of the time taken in arguments to juries. Now, in such case, counsel are bound to argue the case made in the record. If not disposed to do so, it would be an unjust rule that would require opposing counsel to make objection, which is usually unavailing, and call upon the judge to return to the court-room and correct the error. Indeed, we are not prepared to say that such an error could be corrected in that way. It is better that they should not occur, and we would be slow to reverse a case where the trial judge grants a new trial upon the ground that the counsel have attempted to prejudice the jury by statements unwarranted from anything in the record, whether in the presence or absence of the judge.

Counsel for appellee make the point that, as between these parties, it is immaterial whether the contract was illegal or not—that the plaintiff, being merely an attaching creditor, cannot question its validity. We make no ruling upon that question. Appellee did not demur to the answer, nor raise the question by instructions asked.

For the errors above pointed out the judgment of the circuit court will be

REVERSED.