## DOWDELL v. WILCOX.

1. **Bill of Sale:** HUSBAND TO WIFE: RECORD OF: POSSESSION OF PROPERTY: CREDITORS. Where bills of sale were made by a husband to his wife, founded upon sufficient consideration, and the property was in the wife's possession, no record of the bills was necessary in order to sustain the wife's title as against the execution creditors of the husband.

2. **Verdict:** EVIDENCE TO SUPPORT ON APPEAL. The verdict of a jury in a law case must be sustained on appeal to this court, unless there is such a want of evidence to support it as to indicate passion or prejudice.

3. **Fraud:** BADGES OF: INSTRUCTIONS APPROVED. See opinion.

4. **Practice:** ARGUMENT TO JURY: APPEALING TO SYMPATHIES: PRESENCE OF WIDOWED CLIENT IN TEARS. Great latitude is allowed counsel in argument in appealing to the sympathies of a jury; and, in this case, *held* that the court did not abuse its discretion in allowing plaintiff's counsel to appeal to the jury in her behalf as a soldier's widow, and in denouncing her opponents as leeches and oppressors of poor woman and widows—she meanwhile sitting near, facing the jury, and weeping, or pretending to weep, when such appeals were made.

*Appeal from Hamilton District Court.*

FRIDAY, OCTOBER 24.

THIS action involves the title and ownership of two horses and a wagon. The property was levied upon by the defendant, who is sheriff, by virtue of an execution against Thomas Dowdell, the husband of the plaintiff. The plaintiff claims that she is the owner of the property. The defendant claims that whatever title the plaintiff has in the property is fraudulent as to the creditors of the husband. There was a trial by jury, verdict and judgment for the plaintiff. Defendant appeals.

*H. S. Huff, N. B. Hiatt* and *W. A. Greer*, for appellant.

*M. W. Anderson,* for appellee.

ROTHROCK, CH. J.—I. It appears from the evidence that

Thomas Dowdell and his wife, Catharine Dowdell, at one time

**1. BILL of sale: husband to wife: record of: possession of property: creditors.** resided in St. Lawrence county, New York. The husband went into the Union army, in the war of the rebellion, and during his absence his wife engaged in business, dealing in butter, flax-seed, beans, and other produce, in which business she accumulated some money. About the year 1864 they moved to Dubuque county, in this state, where they resided until 1871, when they changed their residence to Hardin county, where they resided until the death of the husband, which occurred after the commencement of this suit. During all of the time of their residence in this state, they were engaged in farming. In 1871, and before the removal to Hardin county, the defendant made a bill of sale of his personal property, including live stock, wagon and harness, and all of his household furniture, to his wife. Upon the removal to Hardin county, a farm was bought, and the title taken in the name of the husband. He made another bill of sale of personal property to his wife in 1876, and another in 1879. In January, 1879, he conveyed the farm to his wife by a quit-claim deed. These bills of sale and the quit-claim deed were introduced in evidence. There was also evidence tending to prove that these transfers of the property were made upon valuable considerations, paid by the wife to the husband. There is evidence in the case to the effect that all the property at any time owned by the parties in Iowa was acquired by the money of the wife, and by the joint labor of the husband and wife.

The defendant objected to the introduction in evidence of the bills of sale, because they did not describe the property in controversy; and the further objection was made to the Dubuque bill of sale, that it was recorded in Dubuque county long after the removal of the parties to Hardin county. All of these objections are based upon the thought that the property remained in the possession of the husband, and the record of the bills of sale were insufficient to impart constructive

notice to the creditors of the husband. We think that, whether they imparted constructive notice or not, they were competent evidence of the course of business between the parties, and, if they were founded upon sufficient consideration, and the property was in the possession of the wife, no record of the instruments was necessary to sustain the title. There is some doubt whether the bill of sale made in 1876, and that made in 1879, sufficiently described the property. But the defendant, in his answer, avers that " the property described in the plaintiff's petition, and levied upon by the defendant, is a part of the property, or the proceeds thereof, or of said farm so sold by plaintiff to Thomas Dowdell."

The question of doubt in the case is, whether there is sufficient evidence to justify a finding that the plaintiff took and held the possession of the property in pursuance of the bills of sale. If it were an original question upon a creditor's bill triable here anew, we would be required to determine the question upon the preponderance of the evidence. But this is an action at law, and the verdict of the jury must be sustained, unless there is such a want of evidence to support it as to indicate passion or prejudice. Applying this rule, we cannot interfere with the verdict. Although the evidence is pretty conclusive that the husband sold the produce of the farm, and bought and sold personal property in his own name, yet there is evidence to the effect that all such transactions took place under the direction and control of the wife, and after consultation with her.

*2. VERDICT: evidence to support on appeal.*

II. Complaint is made by appellant's counsel of the instructions given by the court to the jury, and for a refusal to give instructions asked. Without going into an extended discussion of these objections, it is sufficient to say that we find no error in the rulings of the court in this regard. As is usual in such cases, counsel asked the court to instruct upon all the facts which were claimed to be badges of fraud. The court refused the instruc-

*3. FRAUD: badges of: instructions approved.*

tions asked, and gave others, which, we think, sufficiently covered the questions of fact in the case.

In the fifth instruction given by the court to the jury, the Dubuque bill of sale was in effect withdrawn from the consideration of the jury, unless it was found that the plaintiff was in the possession of the property at the time of the levy. This we think was correct.

III. Accompanying the motion for a new trial, the defendant filed an affidavit of one of his counsel, setting forth what is claimed to be improper conduct of plaintiff

4. PRACTICE: argument to jury: appealing to sympathies: widowed client in tears.

and her counsel during the argument of the case to the jury. It is in effect claimed that counsel made unwarranted statements to the jury in his closing argument; that he misstated the law, and appealed to the prejudice of the jury in the plaintiff's behalf, because she is a widow, and denounced the judgment creditors as leeches and oppressors of poor woman and widows; and that plaintiff sat near, facing the jury, and, when counsel made sympathetic appeals to the jury because her husband had been a soldier and she was now a widow, she would weep, or pretend to weep, etc.

We do not think the judgment should be reversed for this alleged misconduct of counsel and plaintiff. Indeed, we are not prepared to say that there was a departure from what ought to be regarded as fair and legitimate in the trial of a cause to a jury. Great latitude is allowed in appealing to the sympathy of the jury in the arguments of the counsel. That, and the widow in tears, are a kind of stage performance which courts cannot very well, and perhaps ought not to attempt to, control. Besides, the record does not show that any objection was made by counsel for appellant to the conduct of which he now complains.

AFFIRMED.