HENRY, BY HIS NEXT FRIEND, v. THE SIOUX CITY & PACIFIC RAILWAY COMPANY.

1. **Railroads:** INJURY TO BRAKEMAN: PLEADING RULES OF COMPANY. In an action against a railway company for a personal injury to an employe caused by negligence, it is not necessary to plead rules of the company, or any usage as to the manner of performing a duty, in order to authorize their introduction in evidence; for such rules and usages are mere evidence bearing upon the question of negligence of the defendant or its employes, and the care and diligence of the plaintiff.

2. ———: ———: QUESTION OF NEGLIGENCE ON HIS PART. If plaintiff, a brakeman, undertook to couple the cars when he knew that they were moving too fast to enable him to make the coupling with safety, he assumed the risk, and cannot recover for the injury received; but, though he knew that they were moving too fast at the time when he descended to make the coupling, yet, if he had good reason to believe, from all the facts and circumstances, that the conductor had brought them to a safe speed at the time when he actually made the coupling, and the conductor was negligent in failing to do so, the plaintiff cannot be charged with negligence, and he may recover.

For error in the admission of irrelevant evidence, and in allowing plaintiff's counsel to lead him while testifying in his own behalf, the judgment is reversed.

*Appeal from Cherokee District Court.*

THURSDAY, APRIL 23.

THIS is an action for damages for personal injury received by the plaintiff while engaged as a brakeman in coupling cars upon defendant's road. There was a trial by jury, which resulted in a verdict and judgment for the plaintiff. Defendant appeals.

*Joy, Wright & Hudson,* for appellant.

*E. F. Gray* and *E. C. Herrick,* for appellee.

ROTHROCK, J.—I. The plaintiff was engaged as a brakeman upon defendant's road upon the run from Missouri Val-

ley to the Missouri river. The train-men on that run consisted of a conductor, engineer, fireman, and one brakeman. On the twenty-second day of May, 1882, the run was being made from the river to Missouri Valley with a train of about thirty freight cars. When the train arrived at California Junction, a station on the line, orders were received to leave two empty stock cars at that station. Some switching was necessary to set out the stock cars and put them in the proper position on the side track. Some cars were already standing on the side track, and they were moved. When the cars had been properly shifted on the tracks, there were five cars attached to the engine, which were "kicked" or thrown back upon the side track. After they were thrown off from the engine, and while they were in motion, the plaintiff climbed upon the last car of the five, and ran along the top of the cars, and descended the ladder by the forward car, and alighted upon the ground when it was within a car and a half or two car lengths from the car standing on the side track, and ran forward and made the coupling. The cars came together with such force that plaintiff was thrown down, and one of his ankles was seriously injured by one of the car-wheels.

The plaintiff claimed in his petition that he received the injury by reason of the negligence of the defendant, its agents and servants, and without any negligence on his part. The negligence complained of in the petition was—*First*, failure to employ an adequate number of brakemen on the train to operate the same with safety; *second*, in the employment of an incompetent engineer; *third*, in the conductor's ordering plaintiff to couple the cars when thrown or kicked back to other cars standing on the side track, and the failure of the conductor to ride the moving cars back to be coupled, and check their speed with the brakes, to enable plaintiff to make the coupling with safety; *fourth*, that the engineer threw or kicked back the cars with unusual violence.

The court, as we think, correctly charged the jury that

there was no evidence that the engineer was incompetent, and that there was no evidence to charge the defendant with negligence in failing to furnish a sufficient number of brakemen on the train. The cause, then, depended upon the two questions: whether there was negligence on the part of the engineer in sending the cars back with unusual violence, or whether the conductor was negligent in requiring the plaintiff to make the coupling, and failing to protect and shield him from injury by following him upon the cars, and checking their speed by the use of the brakes.

The plaintiff claimed in his petition, and testified as a witness, that the conductor expressly ordered him to make the coupling. He did not rely upon the fact that, aside from the order, it was his duty to couple the cars which were left upon a switch. The court permitted the plaintiff to introduce evidence to the effect that it was the usual mode of performing the required act to couple the cars left standing on the side track. This evidence was objected to, and an exception was taken to the ruling of the court in admitting it. We think it should have been excluded. It did not tend to corroborate the claim of the plaintiff that he was expressly directed by the conductor to make the coupling, and it could have been introduced for no other purpose. If the plaintiff was directed to make the coupling by his superior in authority, this was warrant enough to authorize the act, and his claim that he was acting in the line of his duty would have been fully sustained without the proof of any usage pertaining to the matter. We cannot hold that the admission of this evidence was without prejudice, because the evidence as to the usage and as to the express direction is in conflict.

II. The plaintiff was also permitted to introduce certain rules adopted by the company pertaining to the duty of trainmen in the movement of cars. One of these rules was numbered 44. It had reference to "cars and switching on grades." The introduction of this rule was objected to by the defendant, and the objection overruled. We think the rule

should not have been allowed to be introduced as evidence. There was no grade in the tracks at California Junction, and the rule, therefore, establishes no line of duty applicable to the controversy in this action. We need not repeat the rule. It is sufficient to say that if its provisions should be held to apply to a level track, they were most important considerations in the determination of the case.

III. The plaintiff was allowed to introduce evidence, over the defendant's objection, that the proper manner of making the coupling required the conductor, when there was but one brakeman, to climb upon the cars and hold them up by the use of the brakes, so that the coupling could be made with safety. We think this evidence was competent and proper, in view of the facts in this case. The plaintiff claimed that he stood near the conductor when he was ordered to make the coupling, and that, as he ascended the ladder on the car, the conductor started to follow him, and that he supposed, up until the time the coupling was made, that the conductor was on the cars, and would check their speed. It is not claimed that the conductor told the plaintiff that he would follow him upon the cars. It was therefore perfectly competent to show that by the previous methods of making couplings under the same circumstances the plaintiff had reasonable grounds to believe that the conducter would check the speed of the cars.

It is proper to say here, in view of a new trial, that the claim made by counsel for defendant, that it is necessary to 1. RAILROADS: plead rules of the company or any usage as to the injury to brakeman: manner of the performance of duty, in order to pleading rules of company. authorize their introduction in evidence, cannot be sustained. These rules and usages are mere evidence bearing upon the question of negligence of the defendant or its employes, and the care and diligence of the plaintiff. And here we may say that the law as to custom, in its legal sense, has nothing to do with such questions as whether, when cars are left upon a side track, they should be coupled together. It is not a question of custom; it is merely a ques-

Henry, by his next friend, v. The Sioux City & Pacific R'y Co.

tion as to how or in what manner a given act should be done, or what is proper to be done in accomplishing it.

IV. A number of objections were made by the defendant to leading questions propounded to the plaintiff and other witnesses. The objections were overruled. These questions ought not to have been propounded. Some of them were so grossly leading as to plainly indicate to the witnesses the answer that was desired. We incline to think that, if this were the only error in this case, we would feel compelled to reverse the judgment for this reason. The overruling of an objection to leading questions, and, upon an inquiry not vital to the case, is not ground for reversal. Much is due to the discretion of the trial court. But when counsel put a party to the action upon the stand as a witness, and persist in leading and instructing him upon the vital points in the case by questions which are plainly improper, there must be some means resorted to by the courts to prevent it. When such a question is asked, an objection by opposing counsel, even if sustained by the trial court, does not prevent the mischief. Whatever injury or prejudice there may be to the opposite party is accomplished by asking the question.

V. We do not discover that the instructions given by the court to the jury are objectionable. Upon its legitimate facts, the case is a very plain one. The plaintiff claims that the cars were thrown back with unusual violence, and that up to the time he descended to the ground to make the coupling they were running at double the proper rate of speed. It would have been palpable negligence on his part to make the coupling, knowing this fact. But he claims he had good reason to believe that the conductor was on the cars and would check the speed thereof. Now it was a question for the jury, and about the only real question in the case, to determine from the evidence whether the plaintiff had good reason for what he claims his belief was. If the plaintiff knew when he made the coupling that the speed had not been reduced, he cannot recover. If he

2. ___: ___:
question of
negligence on
his part.

did not know this, but supposed, and from all the facts and circumstances had reason to believe, that the conductor had brought the cars down to proper speed, and the conductor was negligent in not doing so, then he can maintain his action. The violence with which the engineer threw back the cars cuts no figure in the case, because the plaintiff admits that they were running at too high a rate of speed while he was on the top of them, and that he knew it. Unless he had reason to believe the speed would be checked, it was his own folly to attempt to make the coupling.

We have said this much about the real merits of this case, because it is but one of many cases of this class which have come to us made up on a record which shows that counsel urge and insist upon the introduction of improper evidence, and that which is palpably immaterial, and not necessary to the maintenance of the action. It is not at all surprising that the trial court should err in some of the rulings in such cases. The ruling is required to be made at once, in the hurry of the trial, and without much time for reflection. It would be far better practice if counsel would refrain from attempting to crowd and push into these cases all the immaterial and improper evidence within their reach which the court will permit. Cases should be presented in the trial court with some regard to the contingency that they may be appealed to this court.

REVERSED.