## LINDSAY V. PETTIGREW.

1. If counsel in the argument of a case persists, against the objections of counsel for the opposing party, in stating facts to the jury, not in evidence in the case, calculated and intended to arouse the prejudice of the jury against the adverse party, it is an irregularity for which a new trial may be granted.

2. The facts set out in the affidavit in this case show such an irregularity on the part of the counsel for the respondent in his argument to the jury as entitles the appellant to a new trial.

3. The alleged irregularity of the counsel complained of was brought to the attention of the court below on an application for a new trial, and was one of the causes for which such application was made, and the facts were presented by affidavit. The application being denied by the court below, the ruling is assigned as error in this court. Under the facts disclosed in the affidavit, this was correct practice, and the ruling of the court below is properly before us for review.

(Syllabus by the Court. Opinion filed July 13, 1892.)

Appeal from circuit court, Moody county. Hon. FRANK R. AIKENS, Judge.

Action for damages for breach of contract. Judgment for plaintiff. Defendant appeals. Reversed.

The facts are stated in the opinion.

*Bailey & Stoddard*, for appellant.

An attorney in his argument to the jury must confine himself to matters which are in evidence, and it is reversible error for him to mention and comment upon facts not in evidence which would tend to prejudice the jury. Thompson, Trials, § 963; Brown v. Swineford, 44 Wis. 292; People v. Carr, 64 Mich. 702; Cleveland v. Banks, 15 Neb. 20; Festner v. Railroad, 17 Neb. 280; Koelges v. Insurance Co., 57 N. Y. 638; Mitchum v. State, 11 Ga. 615; Ralfe v. Rumford, 66 Me. 564; Bullard v. Boston, 64 N. H. 27; Bulliner v. People, 95 Ill. 396; Brown v. State, 60 Ga. 210; Northington v. State, 78 Tenn. 424; Flint v. Com., 81 Ky. 186; Sullivan v. State, 66 Ala. 48; Tucker v. Hennicker, 41 N. H. 317; Gallinger v. Lake Shore, 67 Wis. 529; Henry v. Railroad, 66 Iowa, 52; Palmer v. Railroad, 13 Pa. 425.

The measure of damages for breach of an obligation arising from contract is the amount which will compensate for all the detriment proximately caused thereby. State v. Railroad, 52 N. H. 528; Insurance Co. v. Tweed, 7 Wall. 52; Insurance Co. v. Seaver, 19 Wall. 542; Railroad v. Kellogg, 94 U. S. 474; Railroad v. Hope, 80 Pa. St. 377; section 4581, Comp. Laws.

*Joe Kirby*, for respondent.

CORSON, J. This was an action to recover damages for breach of contract. Verdict and judgment for plaintiff. Defendant appeals. A motion was made in this court to dismiss the appeal upon the same grounds as those stated in the motion in Hawkins v. Hubbard, 2 S. D. 631, (decided by this court at its present term.) For the reasons stated in the opinion in that case the motion is denied.

A motion for a new trial was made in the court below, one of the grounds of which was "irregularities in the proceedings of the plaintiff and his attorney by which defendant was prevented from having a fair trial." The alleged irregularities complained of were fully set out in an affidavit made by one of the counsel for defendant, the material parts of which are as follows: "That in the argument made by Joe Kirby, Esq., attorney for the plaintiff in said action at said trial, at the March term, 1891, the said Kirby, contrary to the objections of said defendant, commented at length upon the fact that said action had been commenced in 1886, and that defendant had made application for change of venue to other counties, and that the said Kirby in his argument, against the objections of the defendant, sought to arouse, and did arouse, the prejudice of the jury against the defendant; that said Kirby stated in his argument to the jury, in effect, that the defendant had purposely delayed the trial of this action from term to term, and had done so for the purpose of harassing and annoying the plaintiff, and that in his evidence upon the stand the defendant had deliberately perjured himself. Affiant further says that previous to this action there had been other litigation between plaintiff and defendant, and that the said Kirby, in his argument aforesaid, commented upon the other litigation, and stated to the jury, in effect, contrary to the objections of defendant, that said litigation

had been carried on over substantially the same matter concerning which this suit was brought, and that the jury in said other litigation had found a verdict for the plaintiff, and that said Kirby throughout his entire argument, contrary to the objections of defendant, abused defendant personally, and called his personal character and reputation into question, and used every means in his power to arouse the prejudice of the jury against defendant, and especially did so by reference to matters outside of the evidence properly before the jury in said trial; that affiant, acting as attorney for defendant, during the progress of said argument, called the attention of the court to the remarks made by said Kirby in his argument, and that the court then ruled that the said Kirby must keep his argument within the evidence before the jury; that, notwithstanding this fact, the said Kirby persisted in the same line of argument, and unduly prejudiced the jury against the defendant in this action." The learned counsel for the respondent contends that the matters complained of could only be brought before this court for review on exceptions taken at the time, and incorporated in a bill of exceptions; and that, not having been so brought to the attention of this court, the error, if there was any, cannot be considered. The learned counsel for the appellant, while conceding that there is a conflict in the authorities upon this question, insists that, under the peculiar provisions of our Code, the matter was properly brought before the court in the motion for a new trial, and is now properly before us for review.

The first question presented for our consideration, therefore, is as to the proper practice to be pursued in bringing irregularities of the nature complained of before this court. Section 5088, Comp. Laws, provides that "the former verdict or other decision may be vacated, and a new trial granted, on the application of the party aggrieved, for any of the following causes, materially affecting the substantial rights of such party: (1) Irregularity in the proceedings of the court, jury, or adverse party, or any order of the court or abuse of discretion, by which either party was prevented from having a fair trial. * * *" This clause seems to be broad enough to include any irregularity or misconduct of an attorney who, for the purposes of the case, represents the party; and

we see no reason why the misconduct complained of may not be brought to the attention of the court on a motion for a new trial, supported by affidavit. This practice seems to have been followed in Burdick v. Haggart, (Dak.) 22 N. W. Rep. 589, in the late supreme court of the territory, and no question was raised as to the practice. The same practice seems to prevail in Iowa. Dowdell v. Wilcox, 64 Iowa, 721, 21 N. W. Rep. 147; Hall v. Wolff, 61 Iowa, 559, 16 N. W. Rep. 710; Hayne, New Trials, § 50. Undoubtedly, the misconduct of the attorney must be objected to in the lower court, and the attention of that court called to it, at the time; and the facts constituting the misconduct, and the fact that objections were at the time made, must appear from the record in the case. In this case all these facts do fully appear in the affidavit made on the motion for a new trial, and the overruling of the motion for a new trial is assigned as error. Pierce v. Manning, 2 S. D. ——. Hence we are of the opinion that the practice pursued in this case was the proper one.

2. Was there such irregularity or misconduct on the part of the attorney for the plaintiff as should entitle the defendant to a new trial? The facts stated in the affidavit are not denied by any counter affidavit, and they must therefore be taken as true. While great freedom should be allowed to attorneys in the argument of their cases before a jury, such arguments should be confined to the facts admitted in evidence, criticism and discussion of the same, and of the proper and legitimate inferences to be drawn therefrom. If counsel can be permitted to make assertions of facts not supported by the evidence, there is great danger that the jury will lose sight of the issues in the case, and be improperly influenced by such statements, to the prejudice of the adverse party. Within the limits of the testimony, the right of argument, criticism, and comment is free; but when counsel make assertions calculated to prejudice the minds of the jury, not warranted by the testimony before them, he goes beyond the freedom of discussion the law and the courts allow him. The only matters proper to be considered by the jury are the issues raised by the pleadings and the evidence admitted by the court. The length of time a cause has been pending in the court, the pro-

ceedings had to obtain a change of venue, or had under such change or otherwise, and the fact of other litigation between the parties and the result of the same, are not matters with which the jury have any concern. To bring such matters, therefore, to the attention of the jury for the purpose of creating in their minds a prejudice against a party and influencing their verdict, is to transcend the freedom allowed counsel in the proper presentation of their cause to the jury.

It appears from the affidavit in this case that counsel commented at length upon the fact that the action was commenced in 1886, and followed it by the statements that the defendant had procured a change of venue, and that he had purposely delayed the trial of the action from term to term, in order to harass and annoy the plaintiff. Such statements were well calculated to prejudice the jury against the defendant, and influence their verdict. Still more objectionable was the statement of counsel that there had been other litigation between the same parties concerning substantially the same matters involved in this action, and that in such litigation a verdict had been rendered for the plaintiff. The learned counsel for the plaintiff, evidently in his zeal for his client, in these various statements overlooked those great principles of professional ethics that should govern and control counsel in the argument of their causes before a jury. Counsel, as officers of the court, should never, in their zeal for their clients, so far forget the duty they owe to the court as to improperly attempt to prejudice or influence the jury in the discharge of their duties, by bringing before them in argument matters not in evidence in the case; and it is the duty of trial courts to see that no such improper statements are permitted to be made to the jury. In Brown v. Swineford, 44 Wis. 282, Mr. Chief Justice RYAN, in an opinion reversing a judgment for the misconduct of an attorney in his argument, says: "Doubtless the circuit court can, as it did in this case, charge the jury to disregard all statements of fact not in evidence. But it is not so certain that a jury will do so. Verdicts are too often found against evidence and without evidence, to warrant so great a reliance on the discrimination of juries; and, without notes of the evidence, it may be often difficult for juries

to discriminate between the statements of fact by counsel, following the evidence and outside of it. It is sufficient that the extraprofessional statements of counsel may gravely prejudice the jury, and affect the verdict. * * * It is the duty and right of counsel to indulge in all fair argument in favor of the right of his client; but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case. Properly, prejudice has no more sanction at the bar than on the bench. But an advocate may make himself the *alter ego* of his client, and indulge in prejudice in his favor. He may even share his client's prejudices against his adversary, as far as they rest on the facts in his case. But he has neither duty nor right to appeal to prejudices, just or unjust, against his adversary, *dehors* the very case he has to try. The very fullest freedom of speech within the duty of his profession should be accorded to counsel; but it is license not freedom, of speech, to travel out of the record, basing his argument on facts not appearing, and appealing to prejudices irrelevant to the case and outside of the proof." Thomp. Trials, § 963; Hall v. Wolff, *supra;* People v. Carr, 64 Mich. 702, 31 N. W. Rep. 590; Turner v. State, 4 Lea, 206; Festner v. Railroad Co., 17 Neb. 280, 22 N. W. Rep. 557; Paper Co. v. Banks, 15 Neb. 20, 16 N. W. Rep. 833; Ferguson v. State, 49 Ind. 33; Koelges v. Insurance Co., 57 N. Y. 638; Mitchum v. State, 11 Ga. 615; Rolfe v. Rumford, 66 Me. 564; Bullard v. Railroad Co., 64 N. H. 27, 5 Atl. Rep. 838; Bulliner v. People, 95 Ill. 396; Brown v. State, 60 Ga. 210; Northington v. State, 14 Lea, 424; Flint v. Com., 81 Ky. 186; Sullivan v. State, 66 Ala. 48; Tucker v. Hennicker, 41 N. H. 317; Gallinger v. Traffic Co., 67 Wis. 529, 30 N. W. Rep. 790; Henry v. Railroad Co., 66 Iowa, 52, 23 N. W. Rep. 260; Palmer v. Railroad Co., (Idaho,) 13 Pac. Rep. 425.

We recognize the rule that the conduct of the trial and the line of argument counsel are permitted to pursue rests largely in the discretion of the trial court; that the granting or refusing of a new trial for irregularities of parties or attorneys, or the misconduct of the attorney in his argument, rests largely in the discretion of such court. We further recognize the fact that this court will not reverse the decision of the court below on a motion

for a new trial, where, as in this case, the facts are fully within the knowledge of the court except in a case where this discretion is plainly misused. But this, we think, is such a case. The evidence was conflicting, and the statements of the counsel tended to arouse a prejudice in the minds of the jury that might, and possibly did, influence them in making up their verdict. We are clearly of the opinion that the facts as presented require us to reverse the judgment of the court below, and grant a new trial. The other alleged errors will not be considered, as they relate mainly to questions that may not arise in another trial. Judgment reversed, and a new trial granted. All the judges concurring.