OF

## THE STATE OF IOWA

AT

## DES MOINES, OCTOBER TERM, A. D. 1895

AND IN THE FORTY-NINTH YEAR OF THE STATE.

---

C. O. HOOD, Appellant, v. THE CHICAGO & NORTH-WESTERN RAILWAY COMPANY.

Evidence: PROVING SIMILAR FRAUDS. That plaintiff has made fraudulent claims for personal injuries upon insurance societies is not admissible to prove that he is exaggerating damages for which he sues, without proof that the claims fraudulently made and the suit for damages are based upon a common design.

SAME: CROSS-EXAMINATION. When damages are claimed because negligence inflicted a permanent injury which caused the loss of a medical practice, it is permissible to show on cross-examination that the practice was lost through immoral practices and that plaintiff, in claiming indemnity for his injuries of an insurance society, did so for a limited period, only.

MISCONDUCT. While it was thus permissible to show immoral acts on part of the plaintiff, it was reversible error for defendant's counsel to repeat the asking of questions reflecting on the moral

(331)

character of plaintiff in disregard of the rulings sustaining objections to such questions.

**Practice:** IDENTIFICATION OF EVIDENCE.   Where depositions are admitted without the objection that they did not appear to be taken in the case, they will not be stricken from the record because counsel did not announce with their offer that the deposition was taken in the case on trial.

**Stenographic Report:** BILL OF EXCEPTIONS.   The official stenographic report certified by the judge is a bill of exceptions, though no notice of intention to certify be given to either party.

SAME: ILLNESS OF REPORTER when taking the report will not reject it, without proof of substantial inaccuracies.

*Appeal from Pottawattamie District Court.*—HON. WALTER I. SMITH, Judge.

TUESDAY, OCTOBER 1, 1895.

Plaintiff commenced this action July 2, 1891, to recover damages for personal injuries alleged to have been sustained by him on or about August 30, 1889, when a passenger on one of defendant's passenger trains, because of certain negligent acts and omissions of the defendant's employes. He alleges that in consequence thereof, and without fault on his part, he was seriously and permanently injured in certain particulars stated, from which injuries he has ever since suffered great bodily pain and mental anguish. He further alleges that previous to the time of such injuries he was in good health, and was a physician enjoying a large and remunerative practice at Independence, Kan., and since receiving said injuries, and by reason thereof, he has been incapable of attending to said practice, and has been subject to great loss of time, and has incurred large expense. He asks to recover forty thousand dollars. The defendant answered, denying all the allegations of the petition. The cause was tried to a jury, and verdict returned for the defendant. Plaintiff's motion for a new trial was overruled, and judgment rendered on

the verdict on the eighteenth day of December, 1892, from which judgment the plaintiff perfected an appeal on the tenth day of June, 1893. On the twelfth day of November, 1894, the defendant filed a motion in said district court to strike from the files and record the certificate of the judge attached to the reporter's short-hand notes in the case, signed and filed on the twenty-eighth day of October, 1892, and also to strike certain parts of said certificate for reasons stated. This motion was supported by the affidavit of the attorneys for defendant appearing in the trial, and by a letter written by the reporter. On December 1, 1894, this motion was overruled, to which the defendant excepted and from which ruling on December 14, 1894, an appeal was perfected by the defendant. On January 11, 1895, the defendant filed a motion in this court to strike the bill of exceptions and said certificate of the trial judge, and to strike certain parts from said certificate. This motion is upon the same grounds as that filed in the district court.—*Reversed.*

*Sims & Bainbridge* for appellant.

*Hubbard & Dawley* and *Wright & Baldwin* for appellee.

Given, C. J.—I. We first consider the case as presented on defendant's appeal and upon the motion filed in this court. As they present the same questions, they will be considered together. The record shows the following: After the conclusion of the evidence, and on the day the case was submitted to the jury, the trial judge signed a certificate appended to the official short-hand notes of the trial, wherein he certified in substance as follows: That said notes were the official report of the trial, taken by the official reporter, and that "the same contain all the evidence offered and all

the evidence introduced on the trial of said cause, together with the objections of parties to the introduction of evidence, the rulings of the court thereon, and exceptions of parties to such rulings, as fully and to the same effect as said evidence, objections, rulings, and exceptions were introduced, had, and taken at the trial of said cause, and said official report is hereby signed by me, and certified to and ordered filed, and made a part of the record in this case." On the same day said notes thus certified were filed with the clerk of said court. On July 8, 1893, there was also filed with said clerk an extension of said notes, certified by the official reporter as containing a full, true, and complete translation of the shorthand notes of the evidence taken by him on the trial of the case. The grounds of defendant's motion in the district court and in this court are that there is no authority for the certification of said notes by the trial judge; that said certification was made without notice to and without knowledge or request of either party; that the transcript of said notes contains inaccuracies as shown by said affidavit; that said transcript shows that said notes do not contain all the evidence introduced and offered, in that the depositions offered and read, and other documentary evidence, are not annexed thereto, nor sufficiently identified therein. Said affidavit of defendant's counsel shows that no bill of exceptions was ever presented to them for examination, or approved; that plaintiff did not take time to prepare a bill of exceptions; that affiants had no notice that plaintiff intended to file a bill purporting to contain all the evidence, and did not know, until the abstract was served in March, 1894, that any such bill of exceptions had been filed. They further say that there are inaccuracies in the record, which they would have corrected if said bill of exceptions had been presented to them before it was settled; that they cannot correct such

inaccuracies now from memory. They say that the
official reporter was unable at all times to report the
more rapid portions of the testimony with entire accu-
racy, for the reason that he was suffering severely from
an attack of neuralgia in the face and jaw. They
attach as part of their affidavit a letter from the
reporter, in which he says: "In all my experience in
reporting I never received such an electrical shock as
when I undertook to make a transcript in this case.
The fact is, I should not have tried to report this case,
suffering as I was and did during the whole trial with
the jaw ache." *Fleming v. Stearns*, 79 Iowa, 257 [44
N. W. Rep. 376], answers defendant's first contention.
Following cases cited, it is said: "That where the
shorthand report is ordered to be made a part of the
record, and a certificate of the judge in due form is
attached, the evidence is sufficiently preserved." It
was held that the report thus certified constituted a
bill of exceptions within the requirements of the
statute. This report of the evidence being thus
made a part of the record, no other or different
bill of exceptions was required, as in case of decisions
not entered on the record. See Code, section 2835. As
to such report of the evidence, no notice is required to
the parties before certifying the same. If there were
decisions not entered on the record, or grounds of objec-
tions not sufficiently appearing in the record as pre-
sented in the report, the defendant should have caused
the same to be made of record in the manner provided
in said section 2835. Reports of trials taken in short-
hand are seldom, if ever, entirely perfect. Great as is
the skill acquired in this kind of writing, it is a well-
known fact that more or less inaccuracies are found
in the reports; but in them we have the most reliable

showing as to the proceedings, and they are not to be rejected merely because inaccuracies are discovered therein. The reporter does not admit inaccuracies, nor do defendant's counsel, in their affidavit or otherwise, point out any. We would not be justified in rejecting this report merely because it was taken under the circumstances stated. A number of depositions entitled as in this case and on file were read on behalf of the plaintiff. Defendants contend that, as they are not attached to the reporter's notes or transcript, "and not sufficiently identified thereby," they should be stricken from the record. It is true that in offering the depositions plaintiff's counsel did not announce as to each that it was a deposition taken in this case and filed therein on a certain day, but simply announced, "Plaintiff now offers in evidence the deposition of" (naming the witness). It does not appear that any objection was made to the offers upon the ground that they were not depositions taken in this case. The ruling of the district court in refusing to strike these depositions from the record is fully sustained in *Johnston v. McPherran*, 81 Iowa, 231, (47 N. W. Rep. 60). The depositions being entitled and filed as in this case, and permitted to be read without the objection that they were not in this case, entitles them to remain in the record. The defendant's motion in this court is overruled, and the judgment of the district court upon defendant's motion therein is affirmed.

II. We next consider the case as presented on plaintiff's appeal and in the order of the argument. One ground of plaintiff's motion for a new trial was that the verdict is contrary to the evidence, and he contends that the court erred in not sustaining his motion on that ground. The evidence shows without conflict that plaintiff was a passenger on defendant's train, and that an accident occurred substantially as alleged. The jury was warranted in finding negligence as

charged. The real contentions are whether plaintiff was injured by the accident, and, if so, the extent and effect of his injuries, their probable duration, and the amount of damages, if any, to which he is entitled. Upon these issues the evidence is voluminous and conflicting. We need not consume space to set it out. It is sufficient to say that, in our opinion, there was no error in overruling plaintiff's motion on this ground.

III.  Another ground of plaintiff's motion is misconduct of defendant's counsel on the trial as appears by the record and by the affidavits made a part of said motion. Plaintiff claims that defendant's counsel, for the purpose of prejudicing him before the jury, persisted in putting questions to him upon his cross-examination reflecting upon his moral character, knowing them to be improper, and that answers would not be permitted. Defendant contends that the affidavits were not made a part of the record. Let this be conceded, yet we think the record of the examination sustains plaintiff's complaint. Plaintiff had testified at length in his own behalf upon all the issues in the case, including his alleged loss of practice as a physician in consequence of the injuries complained of. The circumstances were such as to entitle defendant to a thorough and rigid cross-examination, within proper limits, and to the legitimate effects of such a cross-examination, but not to pervert the privilege so as to unduly prejudice the plaintiff before the jury. This part of the record is somewhat lengthy, and so confused that it cannot be even summarized within a reasonable space. Defendant, claiming that moral character and fair reputation for truth and veracity were essential to success in the practice of medicine, sought to show by the cross-examination of plaintiff that he had been arrested, since the accident complained of, for being found in bed with a woman of bad repute; that he and the woman pleaded guilty to the

charge; and that an account thereof was published in a newspaper. Also that he had attended a public banquet in December, 1891, with a woman of bad repute, and had been expelled because of his immoral conduct. The fault of the cross-examination is not in seeking to show that such were the facts, but in the manner in which it was pursued. Numbers of questions of the same import were put, in utter disregard of the rulings of the court; and often, upon objections being made, the question was repeated with slight variation without waiting for a ruling. Question after question was put as to the details of said occurrences, especially of the arrest, evidently for the purpose of prejudicing the plaintiff beyond what the occurrences alone would do. It is the conduct of counsel, not errors of the court, that is the subject of this inquiry. With the determination, purpose, and manner of the cross-examination it was not possible for the court to have avoided undue prejudice to the plaintiff. It is said in *Henry v. Railway Co.*, 66 Iowa, 56 [23 N. W. Rep. 260]: "When such a question is asked, an objection by opposing counsel, even if sustained by the trial court, does not prevent the mischief. Whatever injury or prejudice there may be to the opposing party is accomplished by asking the question." While the privilege of a legitimate cross-examination must not be abridged, and parties must submit to all the consequences that flow from it, it must not be perverted to the purpose of creating undue prejudice. While some things may be said in justification of this cross-examination, considering it as a whole, we think, it was unwarranted, and was prejudicial to the plaintiff.

IV. Plaintiff contends that the court erred in its rulings on the admission of testimony in permitting the cross-examination of plaintiff as to the occurrences

mentioned, and in admitting evidence offered by the defendant to contradict him as to said transactions. This evidence was admissible as tending to show that the plaintiff's loss of practice came from other causes than the alleged injury. We do not discover that, in so far as the court ruled against the plaintiff on that cross-examination, there was any error. Evidence elicited in like manner was admitted respecting claims made by the plaintiff on certain accident insurance companies, and upon a society known as "The Modern Woodmen," for benefits by reason of injury. Defendant claims this evidence to be competent upon the theory that it tends to show similar frauds to that which it is claimed the plaintiff is seeking to perpetrate by this action. In the claim made upon one of the companies plaintiff only claimed disability for thirteen weeks, admitting that the disability had then ended. This evidence was competent as tending to show the extent and duration of plaintiff's injuries. Another claim was for an injury to one of his eyes, caused by the explosion of a fire cracker. Defendant contends that the injury was insignificant, and that plaintiff, having had his other eye treated for some ailment, fraudulently claimed that that was the eye injured by the fire cracker. Defendant also contends that the claim made upon the Modern Woodmen was fraudulent, and that the fraud of the defendant in preferring these claims is admissable as tending to show the motive and intention with which this claim is pursued. The rule is well stated in *Hardy v. Moore*, 62 Iowa, 71, [17 N. W. Rep. 200,] as follows: "Where two transactions are claimed to be fraudulent, only one of which, however, is being controverted, it must be shown that they are so connected as to evince a common purpose, before the uncontroverted transaction can be admitted in evidence for the purpose of

establishing the other to be fraudulent." It does not
seem to us that either of these transactions is shown to
be so connected with the prosecution of this action as to
evince a common purpose. Except as to the first one,
and for the reason mentioned, we think the evidence of
these transactions was remote and inadmissible. It
follows from this conclusion that the court erred in
instructing the jury that, if it found that the plaintiff
made such claims, fraudulently, it might consider that
fact as bearing upon the question of his good faith in
making the claim in suit. In the seventh paragraph
of the charge the court instructed that, if they found
that the injury complained of was occasioned wholly
or partly by other causes than those alleged by the
plaintiff, he could not recover for the injuries received
from such other cause or causes. Plaintiff's conten-
tion is that there was no evidence upon which to base
such an instruction. Without expressing any opinion
as to the extent or weight of such evidence, we think
there was enough to warrant the court in thus instruct-
ing the jury. We have examined this somewhat elab-
orate record with care, and our conclusion is that, for
the reasons stated, the judgment of the district court
must be *reversed*.