MORRIS A. POLLACK, Respondent, *v.* STATEN ISLAND RAPID TRANSIT RAILWAY COMPANY, Appellant.

Second Department, May 23, 1919.

**Malicious prosecution — burden of proof as to probable cause — damages — when railroad company not liable for exemplary or punitive damages for malicious prosecution by one of its employees — when master liable for exemplary or punitive damages for wrongful act or negligence of his servant.**

In an action for malicious prosecution the defendant is not obliged to prove affirmatively the existence of probable cause. The burden of proof is on the plaintiff to prove want of probable cause.

In an action against a railroad company for malicious prosecution, *held,* that under the evidence the defendant was not liable for exemplary or punitive damages, and that instructions relating thereto were erroneous.

It is the duty of a railroad company to endeavor to apprehend thieves who break into and rob freight cars, and in the event of malicious prosecution by one of its employees acting in the scope of his authority, the company may be liable for compensatory damages.

While a corporation may be liable for exemplary or punitive damages in a proper case, such damages are not recoverable against a master for the wrongful act or negligence of his servant unless he has authorized the misconduct or ratified it or unless it is committed after the unfitness of the servant has become known.

APPEAL by the defendant, Staten Island Rapid Transit Railway Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Richmond on the 15th day of November, 1918, upon the verdict of a jury for $3,050, and also from an order entered in said clerk's office on the 12th day of November, 1918, denying defendant's motion for a new trial made upon the minutes.

*Lyle H. Hall* [*William J. Kenney* with him on the brief], for the appellant.

*Joseph B. Handy,* for the respondent.

PER CURIAM:

The learned trial judge charged the jury as follows: " Malice may be inferred from the want of probable cause, but such

an inference is one which you are not required to make, at all events, merely because you may find the absence of probable cause. In an action for malicious prosecution the defendant must prove affirmatively the existence of probable cause. An honest belief in the guilt of the plaintiffs does not constitute probable cause for a prosecution, unless it is founded upon grounds which would satisfy an ordinarily prudent and cautious man."

The defendant is not obliged to prove affirmatively the existence of probable cause. The burden of proof is upon the plaintiff to prove want of probable cause.

Again, the learned trial judge having charged the jury that plaintiff, if the cause of action was established, was entitled to compensatory damages, proceeded as follows: " Further, exemplary damages may be allowed when it appears that the unlawful arrest of the plaintiffs was committed with actual malice or wanton disregard of the rights of the plaintiffs.  *  *  *

" Exemplary damages are, in a sense, smart money given to impress upon the defendants that they have no right to unlawfully or illegally prosecute innocent persons; and if the plaintiffs have established their causes of action and you find that malice has been established, and that they have established want of probable cause on the part of the defendant for these prosecutions, then you may award to the plaintiffs damages in excess of compensatory damages — said damages to include an award for the humiliation to which they have been subjected, the mental and physical distress and suffering resulting from their imprisonment, the taking of their finger prints, the deprivation of the friendship of those in the community with whom they lived, and the damages to their reputation."

The counsel for the plaintiff, not satisfied with this charge, emphasized the instruction at the close of the main charge as follows: " Mr. Handy: I ask your Honor to find that the jury may award in addition to compensatory damages punitive or vindictive damages to each plaintiff if it finds that Fletcher acting within the scope of his authority as the agent for the defendant wantonly, oppressively and maliciously

prosecuted the plaintiffs, and these acts were brought to the knowledge of the defendant and were ratified by it. The Court: I so charge. Mr. Hall: I except. Mr. Handy: I ask your Honor to charge if the jury finds malice on the part of Fletcher they may award in addition to compensatory damages punitive or vindictive damages to each plaintiff if it also finds that Fletcher acted within the scope of his authority as the agent for the defendant and in pursuance of a detective system which the defendant had adopted and which system made the malice of Fletcher clearly that of defendant. The Court: I so charge. Mr. Hall: I except."

These instructions were erroneous. Upon the proof here the defendant was not liable for exemplary or punitive damages in any case. The employment of watchmen or railroad policemen is entirely reasonable and expressly authorized by statute. (Railroad Law [Consol. Laws, chap. 49; Laws of 1910, chap. 481], § 88, as amd. by Laws of 1911, chap. 817.) There was no evidence that defendant ratified wanton, oppressive and malicious acts of its employees. On the contrary, the evidence showed that defendant turned the entire case over to the district attorney, and the assistant district attorney called as a witness assumed entire responsibility for the prosecution. The endeavor to apprehend thieves who break into and rob freight cars is not an unlawful system. It was the duty of the railroad company to act in the matter. In the event of malicious prosecution by one of its employees acting within the scope of his authority, the railroad corporation might be liable for compensatory damages, but the charge that punitive or exemplary damages might be awarded was erroneous. This is the decision in *Craven* v. *Bloomingdale* (171 N. Y. 439, 450), cited by the learned counsel for respondent. In *Kastner* v. *Long Island R. R. Co.* (76 App. Div. 323) this court had before it a case very like the present appeal, where a railroad policeman arrested the plaintiff on a charge of stealing coal from defendant's premises. WILLARD BARTLETT, J., writing for the court, said: "An error was committed upon the trial, however, in respect to the measure of damages, which requires a reversal of these judgments. The learned judge was requested to instruct the jury that the damages should be compensatory only, and that they could

not impose any damages to punish the defendant company in any form. This request was refused and an exception was taken by the defendant. We deem the exception fatal. The action was against the corporation; and the liability of the railroad company depended upon the relation of master and servant or principal and agent existing between it and the special officer who made the arrest. While it is undoubtedly true that a corporation may be liable for exemplary or punitive damages in a proper case, such damages are not recoverable in this State against a master for the wrongful act or negligence of his servant unless he has authorized the misconduct or ratified it, or unless it is committed after the unfitness of the servant has become known to the master. (*Muckle* v. *Rochester Railway Co.,* 79 Hun, 32, 38, and cases there cited by BRADLEY, J.; *Rowe* v. *B. H. R. R. Co.,* 71 App. Div. 474.) The rule on this subject adopted in New York is that approved by Mr. Sedgwick in his well-known work on Damages, where he says that the better opinion seems to be that ' exemplary damages should be allowed against a corporation for the act of its servant only if it expressly authorized the act as it was performed, or afterwards ratified it, or was negligent in hiring the servant or retaining him in its employ.' (1 Sedg. Dam. [8th ed.] § 380.) "

To the same effect see *Cleghorn* v. *N. Y. C. & H. R. R. R. Co.* (56 N. Y. 44); *Reardon* v. *Erie R. R. Co.* (179 App. Div. 374); *Wright* v. *Glens Falls R. R. Co.* (24 id. 617); *Parker* v. *L. I. R. R. Co.* (13 Hun, 319); *Donivan* v. *Manhattan R. Co.* (1 Misc. Rep. 368); *Kutner* v. *Fargo* (20 id. 207).

The judgment and order should be reversed and a new trial granted, with costs to appellant to abide the event.

JENKS, P. J., MILLS, RICH, BLACKMAR and KELLY, JJ., concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide the event.