## NATIONAL SURETY CO. v. SLOVER.

No. 18314.    Opinion Filed July 31, 1928.

(Syllabus.)

Evidence—In Action on Surety Bond for Alleged Theft by Employee, Evidence of Another Similar Crime Held Inadmissible.

Plaintiff was the owner of a filling station, in the city of Lawton, selling gasoline at wholesale and retail prices, together with automobile accessories. The plaintiff held a bond issued and delivered to him by the defendant indemnifying plaintiff against theft or embezzlement by his employees. Plaintiff's store was burglarized and certain money and merchandise taken therefrom. In the suit against the surety company, plaintiff alleged, and there was some evidence tending to prove, that B. was guilty of the theft. There was no evidence showing where any person had entered the house by force, and plaintiff contended in the trial that the burglary was done by the party entering the building and remaining concealed therein until it was closed at night. In this connection. the plaintiff was permitted to prove by a peace officer that he arrested B. for the burglary of a mercantile store where he was then working in said city. And

though the evidence does not disclose how long this was before the filling station was burglarized, it must have been approximately two years. The officer further testified that B. told him he burglarized this store where he was working by remaining concealed under a counter and leaving after the store was closed, and after he had committed the offense. Held, that this was proof of a separate independent offense by B., and does not fall within either of the exceptions to the general rule that proof of offenses other than that for which the defendant is on trial is not admissible, and that when this question arises in a civil case, the same doctrine will be applied.

Commissioners' Opinion, Division No. 1.

Error from District Court, Comanche County; E. L. Richardson, Judge.

Action by W. R. Slover against National Surety Company to recover on a bond. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

C. T. O'Neal, Arch M. Parmenter, and Parmenter, Parmenter & O'Neal, for plaintiff in error.

Stevens & Cline, for defendant in error.

REID, C. This case was begun by W. R. Slover against the National Surety Company, a corporation, in the district court of Comanche county, to recover $200 for the alleged loss of $200.46 and one automobile tire, by the theft or embezzlement alleged to have been committed by one Willie Brown, an employee of plaintiff, who conducted a retail and wholesale gasoline filling station, and in connection therewith sold automobile accessories, in the city of Lawton. And which loss the plaintiff contends is covered by the terms of a bond issued by the defendant indemnifying the plaintiff against loss, or losses, not exceeding $200 in the aggregate, through larceny or embezzlement of money and personal property, including merchandise of the obligee, occurring upon his premises, by any of obligee's employees identified as responsible for the loss.

The defendant answered by general denial, raising the question as to whether Willie Brown, or any other person in plaintiff's employment, stole the money and other personal property; the failure of the plaintiff to comply with conditions precedent to the recovery; and also that the loss was not covered by the bond.

Plaintiff replied by way of general denial. The case was tried to a jury, and a verdict returned for the plaintiff in the amount sued for, and the defendant has appealed. The parties will be referred to as they stood in the trial court.

We think it necessary to consider only one of the propositions presented by the appeal.

The defendant had issued and delivered to the plaintiff a surety bond sufficient to cover plaintiff's loss in the event the same has been proved as required by the terms of the bond and by law.

Willie Brown was a negro, and one of several employees of the plaintiff in operating his business. The evidence discloses that Willie Brown's working hours were from 7:00 o'clock a. m. to 6:00 o'clock p. m., but on June 11, 1926, the day preceding the burglary that night, Brown obtained permission of his employer not to work that afternoon. It is also in evidence that he requested his employer to pay him a part of his week's wages, which was refused. There is no direct evidence that he was ever in the filling station at any time during the afternoon or night of the burglary, and he had no key to any door of the building.

Davis and Champlin, other employees, conducted the station until 10:30 o'clock that night, and had on hand money amounting to $200.46, which they placed in a tin box on a counter in the office. They did not put the money in the safe because the plaintiff was the only person who knew the combination, and he was not there. The front and also the west doors of the house had spring locks, and the testimony shows that Davis and Champlin closed the front door when they went out. The locks referred to could be opened from the inside without a key, and locked as the party went out.

The loss of the money was discovered by Mattingly, another employee, when he came on duty about 6:00 o'clock the next morning. It was the theory of the plaintiff that Willie Brown, who was alleged to have stolen or embezzled the money and property, had secreted himself in the building, and was in it when it was closed, or that he had at sometime during the day or that night purposely left one of the doors open, and entered the building that way; and that by one of these methods he committed the theft and left the building locked by going through one of the doors which could be unlocked from the inside without a key. It may be here stated that there is some evidence indicating that Willie Brown was guilty of this theft, but none of this evidence goes to affirmatively show that he, and

no other person, stole the money and property by the method on which plaintiff has elected to stand as a fact and seek a recovery in this case.

With this state of the testimony, the plaintiff called one Carl Froneberger, who testified that he was then chief of police in the city of Lawton, and formerly sheriff of that county, and was called on June 12, 1926, by the plaintiff to investigate this reported theft. After testifying as to what he found, which is not material to the question here presented, the witness was asked if, in his official capacity, he had theretofore had occasion to apprehend and arrest this Willie Brown for the burglary of the Lawton Mercantile Company store. This was objected to by the defendant, and the attorney for plaintiff stated that he wished to show the manner in which the other place was robbed. After some discussion by counsel and the court, the attorney for plaintiff stated that he was seeking to show by the witness that the theft in this case was what is known as an "inside job", or the work of some one secreted therein, and that he desired to show that Brown, while an employee of another place, surreptitiously entered or secreted himself in the place of business, and in the same manner as was done in this case committed the theft of the property in the house. This was objected to by the defendant's counsel in a proper way, overruled by the court, exception taken, and the witness was permitted to testify that while Willie Brown was an employee of the Lawton Mercantile Store, there was a robbery reported at that store, and the witness arrested Brown, charging him with the offense; that Brown pleaded guilty, and told the witness all about how the robbery was committed, and said that he secreted himself there in the store under a counter while the store was open, and committed the theft after closing and before the store was opened in the morning; that Brown served a term in the penitentiary for that offense.

The question presented is whether the admission of the foregoing testimony constitutes reversible error.

There is no evidence in this case showing definitely when Willie Brown made the confession to Froneberger that he burglarized the Lawton Merchantile Company, but there is evidence that he pleaded guilty and served a term in the penitentiary for it. The lowest term is two years. and he had been employed by the plaintiff five months at the time the burglary was done in this case.

We are then authorized to assume that it had been at least two years since the first burglary was committed.

The parties appear to tacitly agree that the same rule governing the admission of this testimony applies alike in criminal and civil cases.

The plaintiff in this case having introduced evidence not admissible under the general rule, it appears that from a practical standpoint the burden of proof is on him to show that such evidence comes within an exception to the rule, and is thereby rendered admissible. We have carefully examined the cases cited by the plaintiff in support of his theory, to wit: Leyerle v. State (Okla. Cr.) 237 Pac. 871; Davis v. State, 30 Okla. Cr. 61, 234 Pac. 727; Winston v. State, 16 Okla. Cr. 648, 185 Pac. 832; State v. King (Kan.) 206 Pac. 883, 22 A. L. R. 1007; People v. Molineux, 62 L. R. A. 193, 168 N. Y. 264; Perkins v. State (Okla. Cr.) 250 Pac. 544.

In the case of People v. Molineux, supra, we find the reason for the general rule that evidence of one crime is not admissible to prove another and the exceptions to this rule well stated as follows:

"The court of last resort in Pennsylvania thus states the rule: 'It is a general rule that a distinct crime unconnected with that laid in the indictment cannot be given in evidence against a prisoner. It is not proper to raise a presumption of guilt on the ground that, having committed one crime, the depravity it exhibits makes it likely he would commit another. Logically, the commission of an independent offense is not proof in itself of the commission of another crime. Yet it cannot be said to be without influence on the mind, for certainly if one be shown to be guilty of another crime equally heinous, it will prompt a more ready belief that he might have committed the one with which he is charged. It therefore predisposes the mind of the juror to believe the prisoner guilty.' Shaffner v. Com., 72 Pa. 60, 13 Am. Rep. 649. The exceptions to the rule cannot be stated with categorical precision. Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish (1) motive: (2) intent; (3) absence of mistake or accident: (4) a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others; (5) the identity of the person charged with the commission of the crime on trial. Wharton, Crim. Ev. (9th Ed.) sec. 48; Underhill, Ev. sec. 58; Abbott, Trial Brief Crim. Trials, sec. 598."

We will not prolong this opinion by discussing in detail each of the foregoing cases, but an examination of them will disclose that each time the court held the evidence admissible it came fairly within one of the exceptions mentioned in the Molineux Case. It will be seen from the text-books mentioned in that case that these exceptions are well recognized.

It is not suggested in this case that the evidence was admissible to show motive, intent, the absence of mistake or accident, or the identity of the party charged with the commission of the offense. It is argued, as we understand it, that it comes within exception 4, which is a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other, conceding that the first burglary was committed by Brown, by concealing himself in the daytime in the house of his employer, committing the burglary, and going out through the door, and that the house in this case was burglarized in the same manner two years afterwards, would it be contended that this testimony showed such a common scheme or plan on the part of the defendant, embracing the commission of two or more burglaries so related to each other, that proof of one tended to establish the other? We think not. They are not shown to be related in any way; and they are certainly not shown to be a part of a common scheme.

In the civil case of Hood v. Chicago & N. W. Ry. Co., 95 Iowa, 331, 64 N. W. 261, in the seventh paragraph of the syllabus, it is said:

"In an action against a railroad company for personal injuries, defendant, for the purpose of proving that plaintiff was endeavoring to exaggerate his injuries, cannot show that plaintiff made fraudulent claims upon insurance associations respecting the same injuries, the said claims not being so connected with the prosecution of the action as to evince a common purpose."

There are no peculiar facts, or point of time of commission, which really showed the Lawton Mercantile Company was burglarized by the same person. Any other person could have entered the house and remained concealed in the same manner the employee, Brown is alleged to have done. There is nothing peculiar or uncommon about this method of burglary. It is a matter of common knowledge that it is one of the most favored and successful methods used to com-

mit that crime, whether it be done by employees or outside persons.

The admission of the evidence showing a previous burglary by the employee, Willie Brown, constitutes error for which this case must be reversed.

It is not necessary for us to pass on the other questions raised by the appeal, as they likely will not occur in another trial.

The judgment of the trial court should therefore be reversed and remanded, with directions to grant the defendant a new trial.

BENNETT, TEEHEE, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 22 C. J. p. 744, §835; 10 R. C. L. p. 939; 2 R. C. L. Supp. p. 1114; 4 R. C. L. Supp. p. 681; 6 R. C. L. Supp. p. 631; 7 R. C. L. Supp. p. 341.