MILDRED WALKER, Respondent, *v.* LORD & TAYLOR, Appellant.

First Department, July 1, 1932.

R. L. von Bernuth of counsel [M. S. Lockhart and D. L. Bugg with him on the brief; Gould & Wilkie, attorneys], for the appellant.

Sidney S. Meyers of counsel [Murray & Meyers, attorneys], for the respondent.

O'MALLEY, J. Plaintiff's judgment is predicated upon damages for false imprisonment and malicious prosecution. It includes both compensatory and punitive damages. Appellant urges that the facts adduced by the plaintiff were insufficient to warrant an award of punitive damages and that the learned trial justice erred in permitting the jury to consider them. It is also urged that the error thus committed resulted in a grossly excessive verdict.

Our conclusion is that the appellant's appeal is well taken and the judgment must be reversed and a new trial ordered.

The defendant conducts a large department store in the city of New York. Plaintiff's evidence, the truth of which was accepted by the jury, tended to show that on the afternoon of July 18, 1927, she entered the defendant's store with a bracelet which her mother had theretofore purchased from the defendant, and under instructions from the mother that it be left with the defendant for repairs. The plaintiff testified that when she reached the store she inquired for a particular saleswoman whose name had been given to her by her mother; that at the time she had the bracelet in her hand and after waiting some time without being able to locate the saleswoman whom she was seeking, she went to the third floor of the defendant's store and purchased a bathing suit; that she then went to the fifth floor to keep an appointment with a friend.

She testified that after leaving the counter on the first floor where she had been waiting she placed the bracelet in her handbag; that after reaching the fifth floor she was accosted by one of defendant's employees, a store detective named Miss Roberts, who charged her with having stolen the bracelet at the counter at which she had been waiting; that notwithstanding plaintiff protested her innocence,

she was seized by Miss Roberts, pushed into an elevator and taken to a room where the defendant's chief detective, one Claussen, had his office; that when Claussen opened plaintiff's bag and found the bracelet, he remarked that it had been broken; that he then said in substance that " we all make mistakes," and requested plaintiff to sign a general release to the defendant, promising the plaintiff that if she did so she would be let go; that upon plaintiff's refusal to comply with this request, Miss Roberts, who arrested her, left Claussen's office with the bag containing the bracelet and after a lapse of some time returned to Claussen's office with the bag.

Plaintiff testified that in the meantime a police officer had been sent for and when he opened the bag which Miss Roberts had brought with her on her return to Claussen's office, he found a bracelet with one of defendant's tags attached thereto, and that the bracelet so found was not the bracelet which plaintiff had brought to defendant's store. The plaintiff was thereupon arrested and held for Special Sessions where she was acquitted after a trial.

The defendant's evidence tended to contradict the testimony of the plaintiff in many material respects. Miss Roberts testified that she saw the plaintiff take a bracelet from among those she was examining at defendant's counter, and observed that as she left the counter and walked towards the elevator she placed the bracelet in her handbag. She also testified that the plaintiff fought vigorously to prevent the witness from taking her into custody. This witness and the defendant's detective, Claussen, both testified that one of the defendant's tags was found with the bracelet in the plaintiff's handbag when it was first opened, and both deny that Miss Roberts at any time left Claussen's office with plaintiff's handbag in her possession.

The issues of fact presented were resolved in favor of the plaintiff and it may not be said that the jury's finding was against the weight of the evidence.

The learned trial justice in charging upon the issue of damages stated (pp. 227, 228): " Gentlemen, those instructions that I have given you on damages apply to what the law calls compensatory damages. But if you also find that the plaintiff is entitled to a verdict, under the facts and these instructions, and if in addition you find that this defendant, through its employees and agents, acting within the apparent scope of their authority, committed the alleged wrong recklessly, wantonly, wilfully and maliciously, as this plaintiff claims they did, with the design to injure her in order *to protect themselves*, then, gentlemen, I charge you that in fixing the damages, provided you find that there should be damages,

you may award, in addition to the compensatory damages to which I have just referred, additional damages as a deterrent to others against any such reckless or wilful violation of personal· rights, provided you find there was such." (Italics ours.)

At the close of the trial the defendant's counsel duly excepted to this portion of the court's charge and thereafter requested a specific charge to the effect "that unless the jury finds that the defendant corporation authorized its employees to prosecute a person whom they knew to be innocent, they cannot award punitive damages against the defendant for either false arrest or imprisonment or malicious prosecution."

Plaintiff's evidence, as already noted, justified a finding that the defendant's employees, Claussen and Miss Roberts, after they had discovered that the bracelet which the plaintiff had in her handbag when it was first opened was her property and not that of the defendant, made a deliberate attempt to manufacture evidence against the plaintiff and thus justify her arrest. The record fails to disclose any evidence which would warrant a finding that in thus "framing" a case against the plaintiff, the agents of the defendant were acting within the scope of their authority. Assuming that the defendant would be liable for any acts of its employees which were done pursuant to a system which the defendant had authorized and adopted for the detection of thefts of property from its store within the principle of *Stevens* v. *O' Neill* (51 App. Div. 364; affd., 169 N. Y. 375), clearly there is no evidence in this record which would warrant a finding that the defendant ever adopted, authorized or was cognizant of the illegal acts perpetrated by its employees as herein outlined. The defendant could be held to respond in punitive damages only in the event of such authorization, or ratification thereof, after notice. (*Craven* v. *Bloomingdale*, 171 N. Y. 439; *Macauley* v. *Starr, Inc.*, 194 App. Div. 643; affd., 233 N. Y. 601; *Pollack* v. *Staten Island Rapid Transit R. Co.*, 187 App. Div. 832; *Reardon* v. *Erie R. R. Co.*, 179 id. 374.)

In the circumstances disclosed it is impossible to say to what extent the award of damages was influenced by the unauthorized acts of the defendant's employees. A new trial, therefore, must be ordered.

The judgment and order should be reversed and a new trial ordered, with costs to the appellant to abide the event.

McAvoy, Merrell and Martin, JJ., concur.

Judgment and order reversed and a new trial ordered, with costs to the appellant to abide the event.