HENRY M. CHANCE and Others, Suing on Behalf of Themselves and All Other Stockholders of R. HOE & Co., INC., Respondents, v. GUARANTY TRUST COMPANY OF NEW YORK and Others, Defendants, and BOUDINOT ATTERBURY, Appellant.— In a minority stockholder's action, alleging conspiracy, resettled order relieving plaintiffs of their default in the service of the complaint affirmed, in so far as an appeal is taken therefrom, without costs. No opinion. Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ., concur. [See *ante*, p. 744.]

CHARLES G. COMSTOCK, Respondent, v. HARRY BENSKY, Appellant.— In an action brought to recover damages for injuries sustained by plaintiff when he slipped and fell upon ice on the sidewalk in front of defendant's premises, caused by water dripping from a cornice which overhung the sidewalk, judgment in favor of the plaintiff unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ.

ABRAHAM CONKLIN and JOSEPHINE CONKLIN, Appellants, v. DORA BLANK, as Administratrix, etc., of CHARLES BLANK, Deceased, Respondent, and Others, Defendants.— In an action to declare void and to cancel certain bonds and mortgages on the ground that they were usurious, order granting motion of defendant Dora Blank, as administratrix, to require plaintiffs to furnish a further bill of particulars affirmed, with ten dollars costs and disbursements; the bill to be served within ten days from the entry of the order hereon. No opinion. Lazansky, P. J., Hagarty Carswell, Davis and Adel, JJ., concur.

MAE M. COPE, Respondent, v. JOHN WANAMAKER OF NEW YORK, Appellant.— Action for false imprisonment brought by an employee against her employer, as a consequence of a claimed false charge of theft of four dollars. Judgment reversed on the facts and a new trial granted, costs to abide the event, unless within ten days from the entry of the order hereon plaintiff stipulate that the part of the verdict representing punitive damages be struck out, thus reducing the verdict to $5,000; in which event the judgment as so reduced is unanimously affirmed, without costs. There is no evidence in the record to justify an assessment for punitive damages (*Walker* v. *Lord & Taylor*, 236 App. Div. 111, 114), it not appearing that the defendant corporation authorized or ratified any wanton, oppressive or malicious intent or action on the part of its employees in its dealings with the plaintiff (*Craven* v. *Bloomingdale*, 171 N. Y. 439). Lazansky, P. J., Young, Carswell, Davis and Taylor, JJ., concur.