KURN et al. v. RADENCIC.

No. 31166. Sept. 28, 1943.

*141 P. 2d 580.*

E. G. Nahler, of St. Louis, Mo., and Cruce, Satterfield & Grigsby, of Oklahoma City, for plaintiffs in error.

John R. Woodard and C. E. Allen, both of Tulsa, for defendant in error.

DAVISON, J. George J. Radencic, a 30-year-old itinerant working man, arrived in Tulsa on a Frisco (St. Louis-San Francisco Railway Company) freight train at 4 a. m., on September 6, 1941. He was a trespasser. He was asleep in a freight car when he arrived, but according to his statement he was soon rudely awakened and removed from the car by a special officer em-

ployed by the railway company. The officer who removed him, assisted by another officer, one H. E. Evans, then proceeded to "beat him up" with a "blackjack" of rubber hose. Radencic says that Evans held him while his companion struck him on the hips and thighs.

On October 3, 1941, Radencic, as plaintiff, commenced this action in the court of common pleas against Evans and the trustees in bankruptcy for the railway company (hereafter referred to as the railway company or the Frisco) seeking to recover $2,450 compensation damages and $500 exemplary damages for the alleged unjustified assault and battery. Issues were joined and the cause was tried to a jury.

The defense of the railway company and its employee was that no assault was committed. The jury, however, found otherwise and awarded compensation damages in the sum of $200 and exemplary damages in the sum of $250.

In this appeal the railway company asks us to order a new trial in the court below on the theory that the trial court erroneously admitted evidence over its objection tending to prove that the defendant Evans in the performance of his work as a special officer for the company had previously committed other unjustified and unnecessary violent assaults on other trespassers.

The evidence bearing upon this point was admitted by the trial court for the consideration of the jury in assessing exemplary damages. The trial court expressly admonished the jury to restrict its consideration of the challenged proof to that phase of the case.

Exemplary damages are justified in private litigation as a form of punishment for willful or grossly negligent acts which are oppressive, fraudulent, or malicious. 23 O. S. 1941 § 9. In this jurisdiction they may be awarded against a principal or employer for the act of an agent or employee even though the principal did not personally participate in, authorize, or ratify the act complained of. Holmes v. Chadwell, 169 Okla. 191, 36 P. 2d 499; Schuman v. Chatman, 184 Okla. 224, 86 P. 2d 615; McDonald v. Bruhn, 190 Okla. 682, 126 P. 2d 986 (in which we noted our repudiation of a contrary rule previously expressed in Aaronson v. Peyton, 110 Okla. 114, 236 P. 586, thus overruling the last-mentioned case on the point).

In other words, exemplary damages may be awarded against the principal for an act of the servant on consideration of the doctrine of respondeat superior.

The trial court proceeded on the theory that there is a difference in the degree of wrong committed by a principal who merely has an agent who without prior misconduct commits a tort of a sufficiently aggravated character to warrant a judgment for punitive damages and a principal who retains in his employment an agent or servant who has a known and previously demonstrated inclination to willfully and unnecessarily injure others. Its ruling was to the effect that this difference constituted a factor which the jury is entitled to take into consideration in fixing the amount of recovery.

The question, then, is whether in connection with the assessment of exemplary damages it is proper for the plaintiff in an action against the principal for the alleged misconduct of an agent to establish that the principal knowingly retained an agent in his employment inclined to commit unlawful assaults by proving prior similar acts on the part of the agent.

No case from this jurisdiction precisely in point is called to our attention.

It is the general rule that proof of "an act charged against a person may not be proved by showing a like previous act to have been committed by the same person." Harrod v. Sanders, 137 Okla. 231, 278 P. 1102; Continental Oil Co. v. Tigner, 189 Okla. 619, 118 P. 2d 1027. However, it is appropriate to observe that the challenged proof was not offered or accepted in this case to prove

the assault but rather to prove what may be termed "presumed malice" connected with the assault arising from the continued retention of an allegedly brutal employee.

There are many instances in the law in which proof of acts of similar misconduct is permitted because of the bearing of such proof upon some phase of the case.

Such departure from the general theory of confining the proof to matters directly at issue between the parties is always subject to criticism on several considerations.

1. It involves the inconvenience of trying collateral issues.

2. It may occasion surprise to the adverse party, though this element is greatly diminished where the trial court makes an order prior to trial compelling the party who expects to prove such acts to specifically delineate the same.

3. It may bewilder or mislead the jury to such an extent as to detract their attention from the principal issues.

4. It may unduly prejudice the rights of one of the parties. 32 C. J. S. 433; Wigmore on Evidence (3rd Ed.) vol. 1, p. 678.

These objectionable elements may be epitomized as (1) excessive burden on the court: (2) unfair surprise; (3) undue confusion; (4) excessive possibility of prejudice.

Thus in each class of cases when the question of inquiry into collateral matters is presented and it is sought to establish a rule, opposing considerations must be weighed and the value of the proposed evidence on the issue or phase of issue must be weighed against the normal objections that arise in connection therewith. A certain amount of discretion may be and is, in some instances and respects, vested in trial tribunals. 32 C. J. S. 433.

In jurisdictions where knowledge, authorization, or concurrence on the part of the principal in the acts of the agent is essential to recovery of exemplary damages, it has been said that proof of knowledge on the part of the employer of the type of agent or servant employed or retained (as by proof of prior wrongful acts prior to the occurrence complained of) is competent to show that the principal was tainted with personal guilt amounting to knowledge or its equivalent, or by implication authorized the servant to do wrong by retaining in his employment a person of known objectionable traits. Cleghorn v. N.Y.C. & H.R.R. Co., 56 N. Y. 44; Pollack v. Staten Island Rapid Transit Ry. Co., 176 N.Y.S. 551, 187 App. Div. 832; Rainess v. American League Baseball Club of New York, 185 N.Y.S. 582.

Similarly, it was remarked by the Iowa court in the early case of Frink v. Coe, 4 G. Greene, 555, 61 Am. Dec. 141, at 145, that:

". . . If a stage proprietor employs a driver known to be drunken and careless, a more severe measure of damage should be awarded to the injured party than in a case where some degree of care and diligence had been exercised by the proprietor. . . ."

This court has observed that exceptions to the general rule excluding proof of other similar acts are, generally speaking, "when knowledge and intent of the party is a material fact".

Speaking generally of criminal matters (wherein the same principles govern the particular rules of evidence here analyzed; National Surety Co. v. Slover, 132 Okla. 104, 269 P. 354) it is said in 20 Am. Jur. 295:

". . . In short, evidence of other crimes is admissible to prove malice or malicious intent with regard to the offense charged. . . ."

In Federal National Bank v. McDonald, 129 Okla. 75, 263 P. 105, we observed that intent is, or may be, one of the factors which affect liability. We therein stated in paragraph 3 of the syllabus:

"To entitle a plaintiff to recover exemplary damages in an action sounding in tort, the proof must show some element of fraud, malice, or oppression. The act which constitutes the cause of action must be actuated by or accompanied with some evil intent, or must be the result of such gross negligence—such disregard of another's rights—as is deemed equivalent to such intent."

In fact, the word "malice, actual or presumed," as used in our statute, section 9, title 23, supra, connotes evil intent. See Webster's New International Dictionary (2d Ed.) p. 1489.

Since evil intent (malice), actual or presumed, is or may be an important factor in the awarding of exemplary damages; since such damages are awarded on the theory of punishment; since as a matter of common justice the master who knowingly retains in his employment a servant with a tendency to be brutal toward third persons is more guilty and thus entitled to greater punishment than is the master who exercises more caution in the selection and retention of servants, and since when evil intent, actual or presumed, is a material element or issue in a case, similar prior acts may, with judicial approval, be admitted in evidence to establish such intent, we have concluded that the trial court did not err in allowing the plaintiff to attempt to prove such malice on the part of the defendant railway company by attempting to establish that it retained in its employment a special officer of known brutal tendencies.

We do not mean to indicate that the proof in this particular case was satisfactory on this point from a practical as distinguished from a legal standpoint. Indeed, we are disposed to the view that it did not greatly impress the jury. As we previously stated, the principal issue in controversy was whether the defendant officer did or did not willfully "beat up" the plaintiff. Justification was not claimed. If two officers of the railroad company did (and the jury believed they did, presumably without considering the challenged proof which under the admonition of the trial court was not competent on that question) beat up the plaintiff without justifiable cause, some exemplary damages should have been awarded. A $250 punitive damage was not excessive.

There is danger in dealing with this type of evidence that the admission thereof may unduly prejudice or surprise the defendant, and every reasonable precaution should be exercised by the trial court to protect the defendant's rights in these particulars. These rights were, however, in this case sufficiently protected.

No prejudicial error appearing in connection with the admission of evidence, the judgment of the trial court is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V. C. J., absent.