Suzanne Lenox CAVANAGH, Administratrix of the Estate of William E. Lenox, deceased, Plaintiff in Error,

v.

OLD REPUBLIC CREDIT LIFE INSURANCE COMPANY, a foreign corporation, and United Finance and Thrift Corporation of Tulsa County, Defendants in Error.

No. 38167.

Supreme Court of Oklahoma.

June 7, 1960.

Rehearing Denied Aug. 2, 1960.

Robert W. Raynolds of Raynolds & Hastain, Philip K. Blough, Tulsa, for plaintiff in error.

Rogers, Litchfield & Rogers, Tulsa, for defendant in error, Old Republic Credit Life Ins. Co.

Ungerman, Grabel, Ungerman, Leiter & Unruh, Tulsa, for defendant in error, United Finance and Thrift Corp. of Tulsa County.

BERRY, Justice.

In this action William E. Lenox, hereafter referred to as "plaintiff", sought to recover commissions allegedly earned in writing insurance policies issued by defendant in error, Old Republic Credit Life Insurance Company, hereafter referred to as "Old Republic", which commissions plaintiff alleged were wrongfully paid to defendant in error, United Finance and Thrift Corporation, hereafter referred to as "United". When defendants in error are referred to collectively, they will be referred to as "defendants". After this appeal was perfected, plaintiff died and his action was revived in the name of plaintiff in error.

In so far as material to the issues presented by this appeal, plaintiff alleged in his amended petition that he "was a duly licensed policy writing agent for Old Republic from January 23, 1953 until April 20, 1955, and during such period plaintiff was employed and acting as the agent and representative of Old Republic"; that "Old Re-public, through oral and written request and authorization, employed plaintiff as its agent for the purpose of writing life insurance and health and accident insurance; that plaintiff, pursuant to said employment and at the instance and request of Old Republic and in performance of such employment, solicited and underwrote insurance policies for Old Republic and executed such policies as its agent"; that "as compensation for his services as Old Republic's agent, plaintiff was entitled to receive and Old Republic became indebted to and was obligated to pay plaintiff the commissions he earned for his services in accordance with commissions customarily paid and established by Old Republic. * * * that such commissions are in the amount of 50% on insurance premiums collected"; that "notwithstanding plaintiff's performance of all services required of him, Old Republic has breached said agreement pursuant to an arrangement with United * * * by failing to pay and refusing to pay plaintiff or to account to him for compensation and commissions earned by him either in accordance with commissions established as alleged or through compensation based on the reasonable value of his services"; that "plaintiff alleges that in violation of the aforesaid agreement, Old Republic wrongfully paid part of his commissions to" United; that "said payment has neither relieved Old Republic of its contractual obligation to plaintiff nor its liability for such breach"; that "in this connection, plaintiff alleges that all defendants entered into a scheme and conspiracy to defraud him and to deprive him of his commissions"; that "pursuant to such scheme and conspiracy, after premiums were forwarded to Old Republic, Old Republic then paid the commissions or some part thereof to" United; that "plaintiff alleges that United and State have received and hold commissions earned by plaintiff without any right thereto and are indebted to plaintiff also by reason of money had and received in the sum of at least $50,000.00"; that "plaintiff alleges that all defendants well know the sums due and owing plaintiff which they have received,

but they conceal the same from him." In referring to "State" plaintiff refers to the name under which United operated prior to change of its corporate name in 1953.

In its answer Old Republic admitted that from January 23, 1953 to April 30, 1955, plaintiff acted as its policy-writing agent but denied that it employed plaintiff for said purpose; that plaintiff was employed by United to approve or disapprove loans; that as a part of the collateral securing loans that it made United "required the borrower in certain instances, and perhaps in all instances, to obtain insurance on the life of the borrower so that in event of the death of the borrower while any portion of the debt remained unpaid, the loan would be paid out of the proceeds of the insurance policy"; that "upon notice to plaintiff from the lending corporation, *plaintiff* made its usual investigation as to the character of plaintiff and upon approval thereof, clothed plaintiff with authority to act as a policy-writing agent for this defendant without commissions and without compensation"; that "during all of the term mentioned in plaintiff's amended petition, plaintiff was duly paid his full salary, wages and compensation by his employer"; that Old Republic specifically denied that it agreed to pay plaintiff any commission on any policy written by plaintiff; denied that "plaintiff was entitled to receive any commission either at a rate customarily paid and established by" Old Republic; denied "that there was any custom for the rate of commissions to be paid by" Old Republic; that the premiums charged borrowers of United were fixed on the basis that no commission would be paid to the policy-writing agent; that plaintiff at no time during the period heretofore referred to demanded payment of commissions and is estopped to claim commissions.

In so far as material to the issues presented by this appeal, United in its answer denied that it had received or was holding any funds belonging to plaintiff.

A jury was empanelled to try the case. At the close of plaintiff's case in chief, Old Republic and United interposed separate demurrers. The demurrers were sustained and plaintiff's action was dismissed. From order denying plaintiff's motion for new trial, plaintiff perfected this appeal.

Plaintiff presents his assignment of error under this proposition:

"Plaintiff's evidence and offered evidence, showed an agency and services performed by plaintiff for which compensation should be paid."

Counsel for Old Republic stated in his opening statement that "we hired him (referring to plaintiff), thinking he was being paid in full by his employer, the finance company, and that is the basis on which we hired him. He has been paid in full" by United. Plaintiff's testimony shows that Old Republic obtained a license in his behalf from the State Insurance Board of Oklahoma, which license provided in part that plaintiff "has been appointed to represent" Old Republic; that he acted as Old Republic's agent in writing insurance contracts that were issued in connection with loans made by United which were secured by insurance contracts. In view of the fact that Old Republic admits that it employed plaintiff as its agent, there remains for consideration only the question of whether it either expressly or impliedly agreed to compensate him for his services in its behalf and if it did, the amount of his compensation.

In support of their contention that there was no express or implied agreement to pay plaintiff a commission for writing the insurance that he wrote, defendants refer to plaintiff's written contract under date of January 18, 1953 with United which among other things provided that plaintiff was employed as United's manager at Tulsa, Oklahoma, at a salary of $450 per month; that plaintiff would devote his entire time and attention to the business of United; that he would engage in no other business or sidelines except at United's direction or with its consent. Defendants argue that because of said agreement plaintiff must be said to have agreed not to write insurance

and receive a commission for writing same. (Plaintiff points out that the insurance that he wrote was written with the knowledge and consent of United.) Defendants also point out that it stands admitted that the matter of plaintiff's writing the insurance was necessarily incident to United's lending business; that if a loan was made which contemplated the issuance of an insurance contract that the contract was issued as a matter of course; that plaintiff did not solicit insurance business from those who were not prospective borrowers from United; that there was no written contract providing that plaintiff should receive a commission on the insurance that he wrote during the period in controversy; that the fact that plaintiff did not demand payment of commissions until after he made known his intention to leave United's employment indicates that plaintiff did not expect to receive a commission, and serves to estop him from asserting the action that he asserts in the instant case.

The plaintiff argues that the following referred-to facts show that he is entitled to the claimed commissions: On November 1, 1951, he was employed in Dallas, Texas as manager of one of the subsidiaries of State Loan and Finance Co. of Washington, D. C.; that United is also a subsidiary of said company; that as manager of the Dallas subsidiary he was licensed to write insurance for Old Republic in Texas in connection with the lending company's business; that if permitted to testify he would testify that he and Old Republic entered into a written contract covering his services in Texas, by the terms of which he would receive a commission of 40%, 50% or 60% of amount paid for insurance, which commission depended upon the type of insurance that was written; that he has lost or misplaced his copy of the contract; that upon returning to Tulsa and assuming the duties of managing United's business no written contract covering commissions earned in Oklahoma was entered into but that he was of the opinion that commissions would be paid. Defendants objected to the introduction of testimony relative to the

Texas contract and their objection was sustained.

■■ As pointed out by Old Republic, in order to recover for services on the theory of an implied contract it is ordinarily deemed essential to show that the services were rendered under the reasonable expectation that they would be paid for. The fact that plaintiff received a commission for services performed on Old Republic's behalf in Texas, which services were identical with services performed in Oklahoma, tends to establish that plaintiff performed services in Oklahoma with the reasonable expectation that he would be paid for same. Evidence relative to the written Texas contract was therefore relevant and admissible in evidence. See Branding Iron Club v. Riggs, 10 Cir., 207 F.2d 720; Commercial Standard Insurance Co. v. Maryland Casualty Co., 8 Cir., 248 F.2d 412; Williams et ux. v. Moodhard, 341 Pa. 273, 19 A.2d 101 and 17 C.J.S. Contracts § 592 b, p. 1237.

■ Plaintiff was asked if he knew whether an agent performing services such as he performed at Tulsa for Old Republic was ordinarily compensated for such services. Defendants objected to the question and their objection was sustained. Plaintiff then offered to prove that Old Republic knew that "the type of services he performed (for Old Republic) was the kind that is ordinarily compensated and paid for" which offer was rejected. Plaintiff offered to testify relative to the provisions of his written contract with Old Republic which provided for the payment of commissions on insurance that he wrote in Texas; that he saw a similar 1948 contract that Old Republic had with a Mr. F. who was one of its policy-writing agents; that if he were permitted to testify "he would have testified that based on commissions paid insurance agents and based on the amount of commissions fixed by contracts with other managers the value of his services would have been a minimum of $50,000.00." These offers were rejected. Plaintiff's proffered testimony relative to Mr. F.'s contract was

inadmissible as being too remote. The remainder of the proffered testimony was relevant as tending to prove that Old Republic customarily compensated agents writing the type of insurance that plaintiff wrote and that plaintiff rendered services as Old Republic's agent under the reasonable expectation that he would be paid for his services.

■ A Mr. B. testified that during the period in controversy he was field representative for Old Republic and that Old Republic entered into contracts with lending institutions making loans under the plan followed by United, by the terms of which commissions were paid to the lending agencies on insurance written in their offices. This testimony was rejected on the ground same did not tend to show that Old Republic paid commissions to its agents. In our opinion this testimony was for several reasons admissible. First, it tended to show, contrary to the contentions of defendants, that the insurance business was not considered to be a part and parcel of the lending business. Second, that Old Republic, contrary to its contention, paid commissions on insurance such as was written by plaintiff. Third, when considered in connection with plaintiff's testimony, Old Republic either paid a commission to the lending agency or to Old Republic's policy-writing agents and since United did not receive a commission an inference was raised that plaintiff as Old Republic's agent was entitled to commissions.

The evidence fairly shows that if plaintiff was in fact entitled to a commission, his commission would be as much as $50,000.

■ The evidence fails to show that plaintiff is estopped from claiming commissions on the insurance that he wrote as Old Republic's agent. The fact that plaintiff did not promptly demand payment of the commissions that he claims are owing him would only tend to show that he did not expect to be compensated by Old Republic for his services in acting as its agent, but would not conclusively establish said fact.

Plaintiff wholly failed to show that United received any commissions in connection with the insurance that he wrote while in its employ and for said reason the trial court properly sustained United's demurrer to plaintiff's evidence.

■ "It is the settled rule that a demurrer to the evidence admits every fact which the evidence in the slightest degree tends to prove and all inferences and conclusions that may be reasonably and logically drawn from the evidence." See seventh paragraph of syllabus to Sartain v. Walker et al., 60 Okl. 258, 159 P. 1096. When the quoted rule is applied to the proof that plaintiff made and that which he offered to make, plaintiff made a prima facie case on the issue that an implied contract existed under which plaintiff as Old Republic's agent was entitled to receive a commission on the insurance that he wrote as its agent.

Old Republic contends that the party alleging a contract has the burden of proving it. In the instant case Old Republic admits a contract of employment with plaintiff but denies that it agreed to pay compensation in connection with said contract. It therefore appears that the rule that Old Republic stresses is not in fact applicable. While there is authority to the effect that a presumption lies that one rendering services at the request of another will be paid for said services (17 C.J.S. Contracts § 579 a, p. 1217), plaintiff does not rely on said presumption and to the contrary contends that he made a prima facie case showing that it was impliedly agreed and understood that he would be paid for his services. We agree with his contention.

The judgment of the trial court sustaining Old Republic's demurrer to plaintiff's evidence is reversed and the trial court is directed to grant plaintiff in error a new trial as to Old Republic.

Affirmed as to United Finance and Thrift Corporation. Reversed as to Old Republic Credit Life Insurance Company and a new trial is ordered as to said company.

WILLIAMS, V. C. J., and JOHNSON, BLACKBIRD and JACKSON, JJ., concur.

438

DAVISON, C. J., concurs in part and dissents in part.

IRWIN, J., concurs in part and dissents as to Old Republic Credit Life Ins. Company.