■ VINCENT BAYNES, Respondent, v. CITY OF NEW YORK et al., Appellants.— In an action to recover damages for personal injury sustained as the result of an allegedly wanton assault upon plaintiff by defendant Smith, a police officer employed by the defendant City of New York, both defendants appeal from so much of a judgment of the Supreme Court, Kings County, entered March 23, 1964 after trial, as directed recovery by plaintiff against them of the sum of $75,215.25 based upon the jury's verdict of $70,000 for compensatory damages and $5,000 for punitive damages. Judgment modified on the law and the facts by reducing to $70,215.25 the recovery against the defendant City of New York; and as so modified, judgment, insofar as appealed from, affirmed, without costs. Concededly, the defendant Smith struck plaintiff over the head with his night stick, inflicting serious injuries which included a fracture of the skull and the loss of sight of an eye. Plaintiff claimed that, without any provocation, the blow was struck in the back room of the police station after Smith had arrested him for disorderly conduct; defendants claimed that Smith hit plaintiff while in the street, on the way to the police station, after Smith was attacked by plaintiff. The record thus presented an issue of fact which was primarily for the jury to determine; and, in our opinion, the finding in plaintiff's favor was not against the weight of the evidence. We are also of the opinion that the award of $70,000 as compensatory damages was not excessive for the injuries sustained. However, we find no proof in the record to justify any assessment for punitive damages against defendant City of New York (cf. *Craven* v. *Bloomingdale,* 171 N. Y. 439; *Cope* v. *Wanamaker,* 249 App. Div. 747, affd. 274 N. Y. 622; *Snyder* v. *State of New York,* 20 A D 2d 827). Ughetta, Acting P. J., Brennan, Hill, Rabin and Hopkins, JJ., concur.

■ HAROLD G. BENSON et al., Respondents, v. NAT MURR, Appellant.— In a negligence action arising out of an automobile collision, in which the plaintiff served a notice for the discovery and inspection of: (a) the defendant's statements concerning the accident made to his insurance carrier; and (b) the MV104 report filed by defendant with the Department of Motor Vehicles, in Albany, the defendant appeals: (1) from an order of the Supreme Court, Kings County, entered August 14, 1964, which denied his motion for a protective order vacating said notice, and which granted plaintiffs' cross motion to compel disclosure pursuant to said notice; and (2) from an order of said court, made September 18, 1964 upon reconsideration, which adhered to the original determination. Appeal from order of August 14, 1964 dismissed, without costs. That order was superseded by the subsequent order of September 18, 1964 granting reconsideration. Order of September 18, 1964 reversed, without costs; defendant's motion for a protective order granted; plaintiff's notice, insofar as it seeks the discovery of said statements and MV104 report, vacated; and plaintiff's cross motion, insofar as it seeks to compel disclosure of said statements and report, denied. An insured's statements to his insurer are not available for discovery by an adverse party (*Finegold* v. *Lewis,* 22 A D 2d 447; *Kandel* v. *Tocher,* 22 A D 2d 513). The MV104 report is a public record available to plaintiff; hence, it is not necessary that defendant be required to supply a copy to plaintiffs (cf. *Reformed Church of Mile Sq.* v. *City of Yonkers,* 8 A D 2d 639). Beldock, P. J., Ughetta, Christ, Brennan and Benjamin, JJ., concur.