SCHOOL BOARDS — DISMISSAL OF TEACHERS — GROUNDS FOR DISMISSAL — CURRENT CONTRACT YEAR — RELEVANCE OF EVIDENCE Under the provisions of 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), providing for the dismissal of teachers for designated grounds, the acts, or incidents constituting the grounds for dismissal must be acts or incidents which occurred during the present employment and contractual year. Alleged acts or incidents from prior contractual years cannot constitute grounds for dismissal under a present employment contract. Present employment contracts are considered to be only those contracts for the present fiscal school year and do not include prior years pursuant to continued employment as referred in 70 O.S. 6-101 [70-6-101] (1971). The Attorney General has considered your request for a legal opinion wherein you ask, in effect, the following question: Under the circumstances of a continuing contract as provided under 70 O.S. 6-101 [70-6-101] (1971), and in view of the consideration given tenured teachers under the provisions of 70 O.S. 6-103 [70-6-103] (1976), is it permissible for a board of education dismissing a tenured teacher under the provisions of 70 O.S. 6-103 [70-6-103] (1976) to consider in its deliberations and decision factual information from previous years of employment of the teacher in question, provided that such information pertains only to incidents which have occurred while the teacher was employed under the continuing contract in force at the time of the dismissal proceedings? The answer to this question invokes inquiry into three general areas of concern, these being: (1) the statutory grounds for the dismissal of tenured teachers, (2) the nature and character of the statutorily referred continuing contract, and (3) the admissibility of certain types of evidence in teacher dismissal proceedings. The statutory grounds for teacher dismissal are provided in 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976). Both of these sections provide that a teacher may be dismissed for: (1) immorality (2) willful neglect of duty (3) cruelty (4) incompetency (5) teaching disloyalty to the American Constitutional system of government, or, (6) any reason involving moral turpitude. It is well-established that the conduct, or incidents otherwise which constitute the alleged grounds for teacher dismissal must be based upon acts or incidents of misconduct which relate to the present employment contract or contracted school year. 68 Am. Jur., Schools, 197. This legal principle was recognized in a prior Attorney General Opinion addressed to the State Superintendent of Public Instruction, dated September 1, 1954. The subject question appears to inquire if this ruling is somewhat qualified, with regard to prior school years incidents or acts of misconduct, by the employment time frame which may be established pursuant to the statutorily referred "continuing contract" provided at 70 O.S. 6-101 [70-6-101] (1971). Title 70 O.S. 6-101 [70-6-101] (1971) provides in pertinent part: "A. Except as provided in subsection E of this section, no person shall be permitted to teach in any school district of the state without a written contract . . . The board of education of each school district, wherein school is expected to be conducted for the ensuing year, shall employ and contract in writing with qualified teachers for and in the name of the district . . ." "E. A board of education shall have authority to enter into written contracts with teachers for the ensuing fiscal year prior to the beginning of such year. If, prior to April 10, a board of education has not entered into a written contract with a regularly employed teacher or notified him in writing by registered or certified mail that he will not be employed for the ensuing fiscal year, and if, by April 25, such teacher has not notified the board of education in writing by registered or certified mail that he does not desire to be reemployed in such school district for the ensuing year, such teacher shall be considered as employed on a continuing contract basis and on the same salary schedule used for other teachers in the school district for the ensuing fiscal year, and such employment and continuing contract shall be binding on the teacher and on the school district . . ." (Emphasis added) With regard to the continuation of tenured teacher's employment contracts, 70 O.S. 6-122 [70-6-122] (1976) provides in part: "The failure by the board of education to renew the contract of any teacher who has completed three (3) years shall not be effective, and the contract shall be renewed unless the board causes to be served on the teacher a written statement of the causes for such action . . ." (Emphasis added) It has been held in a prior opinion from this office, 4 Okl.Op.A.G. 338 (Opinion 71-360), that the contract period for a teacher as provided by law in Oklahoma begins July 1 and ends June 30. It is apparent from a plain reading of 70 O.S. 6-101 [70-6-101] and 70 O.S. 6-122 [70-6-122], supra, and the prior opinions from this office, that the statutorily referred "continuing contract" is not, in a legal sense, a single employment contract of continuing duration. Such continuing employment legally consists of a series of separate, distinct and annually re newed employment contracts for each ensuing school year. By observing the legal character of such employment contracts in this manner it is additionally apparent that notwithstanding the "continuing contract" language found in 70 O.S. 6-101 [70-6-101], the prior employment years acts of alleged misconduct, as stated in the prior opinion, cannot constitute legal grounds for the dismissal of a teacher. The subject question appears to go beyond questions regarding dismissal per se. The submitted question appears to additionally address an evidentiary inquiry, this being whether "factual information from previous years of employment of the teacher" may be considered by the board. With regard to this evidentiary question, two points must be noted at the outset. First, the guide lines in determining the propriety of evidence offered in administrative hearings are basically the same, with some degree of flexibility allowed, as the rules of evidence which generally prevail in courts of law. Refer generally 75 O.S. 310 [75-310] (1971). Second, evidentiary questions can only be resolved based upon the particular surrounding facts and circumstances involved in each case. With this caveat it may be generally stated that evidence or factual information which is not relevant, material or competent should not be considered by the board. Evidence which is relevant is generally that evidence which reasonably or logically tends to establish or refute any material fact in issue. Refer generally, 29 Am.Jur.2d, Evidence, 252. Applying these general guidelines to the submitted question the Court's have generally held that evidence of other contract years conduct, behavior or acts are irrelevant in establishing the present years grounds for dismissal, this being because such evidence is in the nature of collateral evidence or other facts which are incapable of affording any reasonable presumption or inference as to the principal fact in dispute. Accordingly, such other contract years evidence or information is generally inadmissible and should not be considered by the board. School District No. 39, Mayes County v. Hicks, 138 Okl. 143, 280 P. 606, 65 A.L.R. 1092
(1929). However, a limited number of decisions have recognized one exception to this rule, the exception being, as stated by the Ohio Supreme Court in Powell v. Young, 148 Ohio State 342, 35 Ohio Ops. 322, 74 N.E.2d 261
(1947): "Conduct of a teacher tending to show gross inefficiency on his part and occurring prior to a continuing contract with him is competent evidence as to the continuing existence of such inefficiency during the time the contract is in force." In announcing this ruling, the Court noted that misconduct on the part of a teacher which existed prior to the present contract could not of itself be used to terminate the present contract, but if it were proven that such teacher was grossly inefficient and that such inefficiency continued after the date of the contract, such would be grounds for dismissal. Refer also, 78 C.J.S. Schools, 202, 68 Am.Jur.2d, Schools, 197, 4 A.L.R.3d 1093, 3(b). Notably, this exception has been limited to those cases alleging present gross inefficiency, unfitness or incompetency. Although no Oklahoma decision on this specific question can be found, the Oklahoma Courts have generally recognized the basic evidentiary principles upon which the referred exception is founded. Kurn v. Radencic, 193 Okl. 126, 141 P.2d 580
(1943), Board of Commissioners v. Enid Springs Sanitarium and Hospital, 116 Okl. 249, 244 P. 426 (1926), Cavanagh v. Old Republic Credit Life Insurance Co., Okl., 354 P.2d 432
(1960). A review of these decisions reveals that the exception only applies in those cases where such collateral evidence clearly affords a reasonable presumption or inference as to the material facts in dispute. Nesbitt v. Home Federal Savings and Loan Association, Okl., 440 P.2d 738 (1968). Based upon the above-noted decisions it can only be concluded that the determination of the propriety of considering prior contract year's conduct or acts in teacher dismissal proceedings must be made on a case by case basis; that as a general rule, such evidence or information is irrelevant and should not be considered by the board; and further, that to be proper for consideration such evidence must clearly tend to establish or refute the material facts in dispute. It is therefore the opinion of the Attorney General that your question be answered as follows: Under the provisions of 70 O.S. 6-103 [70-6-103] and 70 O.S. 6-122 [70-6-122] (1976), providing for the dismissal of teachers for designated grounds, the acts, or incidents constituting the grounds for dismissal must be acts or incidents which occurred during the present employment and contractual year. Alleged acts or incidents from prior contractual years cannot constitute grounds for dismissal under a present employment contract. Present employment contracts are considered to be only those contracts for the present fiscal school year and do not include prior years pursuant to continued employment as referred in 70 O.S. 6-101 [70-6-101] (1971). Only that factual information which is relevant, material and competent, as may be determined on a case by case basis, should be considered in teacher dismissal proceedings. In such proceedings, evidence or information relating to prior employment contract years conduct or incidents is generally in the nature of irrelevant and collateral evidence, and as such should not be considered by the board. However, if such collateral evidence clearly tends to establish or refute material issues or facts in dispute, which issues concern present grounds for dismissal, such evidence may be considered. (R. THOMAS LAY) (ksg) ** SEE: OPINION NO. 77-112 (1977) ** ** SEE: OPINION NO. 77-112 (1977) ** ** SEE: OPINION NO. 79-316 (1979) **Disposition: ** SEE: OPINION NO. 79-311 (1979) **