Bernadine MOSS, Appellant,

v.

MAGNETIC PERIPHERALS, INC., a Delaware Corporation, Appellee.

No. 65424.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 29, 1987.

**1286**

Walter Jenny, Jr., Oklahoma City, for appellant.

Tenal S. Cooley, Oklahoma City, for appellee.

HUNTER, Judge:

Appellant, Bernadine Moss, was employed by Appellee, Magnetic Peripherals, Inc., when she sustained an on-the-job injury. She filed a workers' compensation claim and was off work for a length of time. The Appellee, based on the medical opinion of three doctors, notified the Appellant that she needed to return to work or she would be considered as having voluntarily terminated her employment. Appellant did not return to work and after several notifications, she was terminated by the Appellee. Appellant then filed suit in the District Court of Oklahoma County for damages for retaliatory discharge under the provisions of 85 O.S.1981, §§ 5, 6 and 14.

The matter was tried to a jury. After the Appellant rested, the Appellee rested without presenting any evidence. Both parties' motions for directed verdicts were overruled. The jury returned a unanimous verdict for the Appellee and Appellant orally moved for judgment notwithstanding the verdict which was denied. This appeal was timely commenced.

The Appellant presents five propositions of error for our consideration. Propositions I and V allege error of the trial court in refusing to direct a verdict for Appellant and in refusing to grant her motion for judgment notwithstanding the verdict. Neither of these propositions has merit. Merely because the Appellee did not call any witnesses does not mean it presented no defense or that the evidence clearly demonstrated that Appellant was entitled to a verdict as a matter of law. Where there is substantial conflict in the

evidence on a material issue it is not proper to direct a verdict in an action of legal cognizance. The trial court is without jurisdiction to enter judgment notwithstanding the verdict after a jury has returned its verdict, unless the party in whose favor such judgment is sought would be entitled to judgment on the pleadings, or the jury has returned special findings of fact contrary to the general verdict. *Dover v. Smith*, 385 P.2d 287 (Okl.1963); *Creamer v. Bucy*, 700 P.2d 668 (Okl.App.1985).

■ Proposition IV alleges error in refusing to allow testimony as to a prior judgment against the Appellee in another case alleging violations of 85 O.S.1981, §§ 5 and 6. The Appellant relies on *Cates v. Darland*, 537 P.2d 336 (Okl.1975) in support of this proposition. In *Cates*, the Supreme Court held that it was proper in an action for fraud, to admit evidence of other prior similar dealings by the alleged wrongdoer in order to show fraud, *motive*, scheme, or *intent*. In *Cates*, the Court relied in part on *Kurn v. Radencic*, 193 Okl. 126, 141 P.2d 580 (1943) and said that, in that case:

> We held that under proper circumstances evidence of prior similar acts has a relevant and material bearing on the issues in the case and should be admitted, in spite of any other risks which might be involved in bringing such evidence before the triers of fact. We stated: 'There are many instances in the law in which proof of acts of similar misconduct is permitted because of the bearing of such proof upon some phase of the case.' And further stated: 'Since evil intent (malice), actual or presumed, is or may be an important factor in the awarding of exemplary damages; since such damages are awarded on the theory of punishment; * * * and since when evil intent, actual or presumed, is a material element or issue in a case, similar prior acts may, with judicial approval, be admitted in evidence to establish such intent, * * *.'

It is noted that Title 12 O.S.1981, § 2404(B) provides for admissibility of other acts for such purposes as proof of motive or intent. The motive or intent of the Appellee was such a material issue in this case that the evidence should have been admitted. Although this error alone might not require reversal, when coupled with the erroneous instruction complained of in Propositions II and III, we find reversal is necessary.

■ The instruction complained of, Number 4, read as follows:

> The Plaintiff has the burden of proving, by the greater weight of the evidence, that her employment was terminated by the Defendant because she instituted a claim, in good faith, under the Workers' Compensation laws of the State of Oklahoma.
>
> If you find that the Plaintiff sustained her burden of proof by competent evidence, then your verdict should be in favor of the Plaintiff.
>
> On the other hand, if you do not so find, or if you find that the Plaintiff was terminated from her employment for *any reason other* than that she filed a claim under the Oklahoma Workers' Compensation Act, then your verdict must be in favor of the Defendant. (Emphasis added.)

The overall effect of the wording of this instruction was to require the Appellant to prove that the *sole* reason for her discharge was the filing or institution of a claim under the Workers' Compensation Act. This is contrary to the intent of 85 O.S.1981 §§ 5, 6 and 14. In *Thompson v. Medley Material Handling, Inc.*, 732 P.2d 461 (Okl.1987), the Supreme Court held:

> * * * when retaliatory motivations comprise a significant factor in an employer's decision to terminate an employee, even though other legitimate reasons exist to justify the termination, the discharge violates the intent of section 5.

The import of 85 O.S.1981, § 6, is to place upon the plaintiff in a retaliatory discharge case the burden of proving that retaliation for the exercise of rights granted under the Workers' Compensation Act played a *significant* part in the

employer's decision to terminate that plaintiff. (Emphasis added.)

The Court held it was error to instruct the jury that the Plaintiff was required to prove the *sole* reason for discharge was the exercising of rights under the Workers' Compensation Act.

 We hold that the combination of errors in excluding relevant evidence on a material issue and incorrectly instructing the jury, require that the judgment be REVERSED and this cause REMANDED for a new trial in accordance with the views expressed herein.

REVERSED AND REMANDED.

HANSEN, P.J., and BAILEY, J., concur.